[Cite as *State v. North*, 2013-Ohio-4607.]

# IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 13AP-110 |
| v. | : | (C.P.C. No. 12CR-4405) |
| Michael William North, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

---

## D E C I S I O N

### Rendered on October 17, 2013

---

*Ron O'Brien*, Prosecuting Attorney, and *Steven L. Taylor*, for appellant.

*Yeura R. Venters*, Public Defender, and *Timothy E. Pierce*, for appellee.

---

APPEAL from the Franklin County Court of Common Pleas.

DORRIAN, J.

{¶ 1} Plaintiff-appellant, State of Ohio ("the state"), appeals from a judgment of the Franklin County Court of Common Pleas imposing a prison sentence on defendant-appellee, Michael William North ("appellee"), pursuant to his guilty plea. Because we conclude that the trial court erred by holding that appellee was not subject to a mandatory prison term pursuant to statute, we reverse and remand for resentencing.

{¶ 2} Appellee was indicted on five counts of gross sexual imposition against a victim less than 13 years old. Ultimately, appellee entered an "*Alford* plea"[1] of guilty to two counts of gross sexual imposition against a victim less than 13 years old. In accepting the guilty plea, the trial judge stated his understanding that appellee was entering an *Alford*

---

[1] Under an "*Alford* plea," a criminal defendant "enters a guilty plea to avoid the consequences of a criminal trial but denies his guilt as to the charge." *State v. Cooper*, 10th Dist. No. 06AP-150, 2008-Ohio-6119, ¶ 9.

plea in order to preserve his claim that he was not subject to a mandatory prison sentence, and appellee affirmed this statement. At the hearing, the parties stipulated that, if called to testify, a police detective would have testified that the victim stated that appellee sexually assaulted her and that appellee admitted to touching and fondling the victim. The detective also would have testified to the authenticity of an audio recording of appellee's statement.

{¶ 3}  The state asserted that, pursuant to R.C. 2907.05(C)(2)(a), there was corroborating evidence of the violation other than the victim's testimony and that appellee was subject to a mandatory prison sentence. The trial court held that the corroborating-evidence provision was unconstitutional and that it was not required to impose a mandatory prison sentence on appellee. The trial court then sentenced appellee to two three-year prison terms, to be served concurrently.

{¶ 4}  The state appeals from the trial court's judgment, assigning one error for this court's review:

> THE COMMON PLEAS COURT ERRED WHEN IT FAILED
> TO IMPOSE THE PRISON SENTENCES AS MANDATORY
> SENTENCES FOR GROSS SEXUAL IMPOSITION AGAINST
> A CHILD UNDER 13 WHEN THERE WAS CORROBOR-
> ATING EVIDENCE OF THE VIOLATIONS.

{¶ 5}  R.C. 2907.05(C)(2)(a) provides that a trial court shall impose a mandatory prison term on an offender convicted of gross sexual imposition against a victim less than 13 years old when "[e]vidence other than the testimony of the victim was admitted in the case corroborating the violation." In this case, the trial court concluded that the statute was unconstitutional and declined to apply it, relying in part on a decision by another judge of the Franklin County Court of Common Pleas in *State v. Bevly*, Franklin County C.P. No. 11CR-4152. After the trial court's decision in the instant case, we reversed the common pleas court decision upon which the trial court relied. *State v. Bevly*, 10th Dist. No. 12AP-471, 2013-Ohio-1352.  *Bevly* addressed a similar scenario and guides our consideration of this appeal, but, due to additional developments in the law since that decision and additional arguments raised by appellee, we cannot rely solely on the precedent set in *Bevly*.

{¶ 6}   In *Bevly*, the defendant pled guilty to two counts of gross sexual imposition against a victim less than 13 years old. *Bevly* at ¶ 3. At the plea hearing, the prosecution introduced the testimony of a police detective, who testified that the defendant confessed to the offenses. The state also introduced a compact disc recording of the defendant's confession. *Id.* The trial court declined to impose a mandatory prison sentence under R.C. 2907.05(C)(2)(a), holding that the mandatory sentence provision did not apply. *Id.* at ¶ 5. The trial court held that there was a question as to whether the evidence was "admitted" in the case because it was introduced at the sentencing hearing. The trial court also held that the statute was unconstitutional, in part because it violated the defendant's right to have a fact determining his sentence decided by a jury. *Id.* On appeal, this court reversed the trial court's decision. We concluded that the trial court erred in holding that R.C. 2907.05(C)(2)(a) was unconstitutional because the statutory provision was a "sentencing factor" that did not increase the maximum prison sentence and, therefore, was not required to be submitted to the jury. *Id.* at ¶ 15. This court further concluded that the trial court erred by holding that the evidence was not admitted in the case and was not evidence as anticipated under R.C. 2907.05(C)(2)(a). *Id.* at ¶ 16. Accordingly, we remanded the case to the lower court.

{¶ 7}   On June 17, 2013, less than three months after this court's decision in *Bevly*, the United States Supreme Court issued its decision in *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151 (2013). Prior to *Alleyne*, the Supreme Court distinguished between facts resulting in an increased mandatory minimum sentence and facts resulting in a sentence greater than the statutory maximum authorized by a jury verdict. With respect to facts resulting in a sentence greater than the statutory maximum based on a jury verdict, the Supreme Court held that, other than the fact of a prior conviction, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). Thus, in *Apprendi*, the Supreme Court found unconstitutional a New Jersey statute that allowed a judge to impose additional punishment based on the judge's finding, by a preponderance of the evidence, that a defendant's purpose for unlawfully possessing a weapon was to intimidate a victim based on a particular characteristic. *Id.* at 491-97. However, prior to *Alleyne*, the Supreme Court "declined to

apply [the reasoning of] *Apprendi* to facts that increased [a] mandatory minimum sentence but not [a] maximum sentence." *Alleyne* at 2157, citing *Harris v. United States*, 536 U.S. 545, 557 (2002). The Supreme Court concluded that factual findings leading to a mandatory minimum sentence merely restrained a judge's sentencing power and, therefore, were not required to be submitted to the jury. *Harris* at 567. Accordingly, in *Bevly*, we referred to R.C. 2907.05(C)(2)(a) as a "sentencing factor" and concluded that it did not violate *Apprendi* because it did not increase the maximum prison sentence that could have been imposed. *Bevly* at ¶ 15.

{¶ 8} In *Alleyne*, the United States Supreme Court overruled *Harris* and held that facts increasing a mandatory minimum sentence must be submitted to the jury and found beyond a reasonable doubt. *Alleyne* at 2162-63. Appellee asserts that the question of whether there was corroborating evidence other than the testimony of the victim in this case is a "fact" that increases the mandatory minimum sentence for a conviction for gross sexual imposition against a victim less than 13 years old. Appellee argues that, in accordance with *Alleyne*, the jury must determine beyond a reasonable doubt that there was corroborating evidence before the trial court may impose a mandatory prison term under R.C. 2907.05(C)(2)(a).

{¶ 9} We acknowledge that, under *Alleyne*, a fact that increases a mandatory minimum sentence must be submitted to the jury. *Alleyne* explained that this was necessary because "the core crime and the fact triggering the mandatory minimum sentence together constitute a new, aggravated crime." *Id.* at 2161. In *Alleyne*, the relevant fact was whether the defendant brandished a firearm, which increased the minimum penalty for using or carrying a firearm in relation to a crime of violence. *Id.* at 2155. Recent cases applying *Alleyne* have involved similar factual determinations. *See United States v. Donovan*, ___ Fed. Appx. ___, 2013 WL 4792866, *7 (6th Cir. Sept. 9, 2013) ("[B]ecause the district court, rather than a jury, found discharging of the firearm, Moore's sentence for violation of [18 U.S.C] § 924(c)(1)(A) must be vacated and remanded for resentencing consistent with the jury's verdict."); *United States v. Claybrooks*, ___ F.3d ___, 2013 WL 4757201, *8 (7th Cir. Sept. 5, 2013) ("After *Alleyne*, Claybrooks's mandatory minimum sentence must be determined by the drug quantity described in the jury's special verdict form. * * * The district judge cannot raise the mandatory sentencing

floor based on its own determination that Claybrooks's offense involved additional amounts of narcotics beyond those determined by the jury."). However, the majority in *Alleyne* was careful to declare that the decision "[did] not mean that any fact that influences judicial discretion must be found by a jury." *Alleyne* at 2163. *See also United States v. Gabrion*, 719 F.3d 511, 532 (6th Cir.2013) ("*Apprendi* does not apply to every 'determination' that increases a defendant's maximum sentence. Instead it applies only to findings of 'fact' that have that effect.").

{¶ 10} We conclude that the determination called for under R.C. 2907.05(C)(2)(a) does not involve the same type of "fact" that must be determined by the jury under *Apprendi* and *Alleyne*. As noted above, the key fact in *Alleyne* was whether the defendant brandished a firearm while committing his crime. Similarly, in *Apprendi*, the relevant fact was whether the defendant committed his crime with the purpose of intimidating an individual or group because of race, color, gender, handicap, religion, sexual orientation or ethnicity. *Apprendi* at 468-69. By contrast, in this case, the "fact" to be determined is whether corroborating evidence was introduced in the case. The volume of evidence introduced in a case is not the type of "fact" that, when combined with the "core crime" of gross sexual imposition against a victim less than 13 years old, constitutes "a new, aggravated crime." *Alleyne* at 2161. The elements of the crime of gross sexual imposition remain constant, irrespective of whether corroborating evidence was introduced. To the extent that the quantity of evidence presented in a case can be characterized as a "fact," we hold that that it constitutes a fact influencing judicial discretion that may be determined by a judge and need not be submitted to the jury. *See Alleyne* at 2163 ("We have long recognized that broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment.").

{¶ 11} Appellee also argues that R.C. 2907.05(C)(2)(a) only applies where the victim's testimony is offered into evidence and additional corroborating evidence is presented in the case. Thus, appellee argues that the introduction of the victim's testimony constitutes a predicate event before a mandatory prison sentence may be imposed under R.C. 2907.05(C)(2)(a). Appellee claims that, because the victim's testimony was not introduced in this case, the trial court could not have imposed a mandatory prison sentence. Appellee argues that this court recognized the requirement of

introducing the victim's testimony in *Bevly*, citing to portions of that decision referring to corroborative evidence beyond the victim's testimony.

{¶ 12} This argument was not raised in *Bevly*, and the court did not directly address it in its decision. We reject appellee's contention that the reference in *Bevly* to "corroborative proof beyond the alleged victim's testimony" constituted implicit recognition that the victim's testimony must be introduced as a predicate to imposing a mandatory prison sentence. Rather, this portion of the *Bevly* decision simply mirrors the statutory language, which refers to corroborating evidence "other than the testimony of the victim." R.C. 2907.05(C)(2)(a). Therefore, we consider this argument for the first time.

{¶ 13} "In construing a statute, a court's paramount concern is the legislative intent in enacting the statute." *State v. S.R.*, 63 Ohio St.3d 590, 594 (1992). If the statutory language is plain and unambiguous, the court must apply the statutory language. *White v. Westfall*, 183 Ohio App.3d 807, 2009-Ohio-4490, ¶ 16 (10th Dist.). "When a court construes a statute, it may not delete words that are used or add words that are not used." *Id.* " 'Absent ambiguity, statutory language is not to be enlarged or construed in any way other than that which its words demand.' " *Id.*, quoting *Kneisley v. Lattimer-Stevens Co.*, 40 Ohio St.3d 354, 357 (1988).

{¶ 14} The relevant statutory clause states that the trial court shall impose a mandatory prison term for an offender convicted of gross sexual imposition in violation of R.C. 2907.05(A)(4) or (B) when "[e]vidence other than the testimony of the victim was admitted in the case corroborating the violation." R.C. 2907.05(C)(2)(a). In our view, this provision is straightforward and unambiguous. The statute mandates that a prison sentence must be imposed when there is some evidence, other than the victim's testimony, introduced in the case to corroborate the violation. Thus, it appears that the General Assembly intended to require trial courts to impose a mandatory prison sentence where a conviction for gross sexual imposition against a victim less than 13 years old was based on more than a single piece of evidence.

{¶ 15} Appellee's interpretation of R.C. 2907.05(C)(2)(a), that the introduction of the victim's testimony is required as a predicate to the imposition of a mandatory prison sentence, requires adding words to the statute. Appellee's argument would be persuasive

if the statutory provision began with the clause "if the victim's testimony was introduced"—i.e., a mandatory prison sentence must be imposed when, "*if the victim's testimony was introduced*, evidence other than the testimony of the victim was admitted in the case corroborating the violation." Alternatively, introduction of the victim's testimony would be a predicate event if the statute required corroboration of the victim's testimony, rather than of the violation—i.e., if the statute provided for a mandatory prison sentence when "evidence other than the testimony of the victim was admitted in the case corroborating *the victim's testimony*." In construing a statute, however, we may not add words not used by the General Assembly. *White* at ¶ 16. Therefore, we reject appellee's construction of R.C. 2907.05(C)(2)(a) and hold that introduction of the victim's testimony in a case is not required to trigger a mandatory prison sentence under that statutory provision.

{¶ 16} In this case, the parties stipulated that, if called to testify, a police detective would have testified that appellee acknowledged touching and fondling the victim beginning when she was ten years old and would have testified to the authenticity of an audio recording of appellee's statement to the police. This constituted additional evidence to corroborate the violation, which was established through appellee's guilty plea. Therefore, the trial court erred in holding that appellee was not subject to a mandatory prison sentence under R.C. 2907.05(C)(2)(a).

{¶ 17} Finally, we note that the trial court in this case questioned the applicable standard of proof in determining whether corroborating evidence was presented. In *State v. Economo*, 76 Ohio St.3d 56 (1996), the Supreme Court of Ohio considered a similar statute, providing that an individual could not be convicted of sexual imposition solely upon the victim's testimony unsupported by other evidence. The Supreme Court concluded that the corroborating evidence necessary to satisfy the statute "need not be independently sufficient to convict the accused, and it need not go to every essential element of the crime charged." *Id.* at syllabus. The Supreme Court further held that "[s]light circumstances or evidence which tends to support the victim's testimony is satisfactory." *Id.* As the *Economo* court noted, corroboration requirements in criminal law are rare. *Id.* at 58. Although the corroboration provision in *Economo* addressed the amount of evidence required for conviction, rather than the quantity of evidence required

to impose a particular sentence, we find that decision to be persuasive authority as to the appropriate standard for determining whether corroborating evidence was introduced to satisfy R.C. 2907.05(C)(2)(a). Accordingly, R.C. 2907.05(C)(2)(a) applies when the trial court concludes that evidence was admitted in the case, other than the victim's testimony, that tends to support the finding of a violation. In this case, the evidence that the parties stipulated would have been presented by the police detective was sufficient to meet this standard.

{¶ 18} For the foregoing reasons, we sustain the state's sole assignment of error. We reverse the judgment of the Franklin County Court of Common Pleas and remand this matter to that court for re-sentencing in accordance with law and consistent with this decision.

*Judgment reversed; cause remanded for re-sentencing.*

TYACK and SADLER, JJ., concur.

_____