[Cite as *State v. F.R.*, 2014-Ohio-799.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 13AP-525 |
| v. | : | (C.P.C. No. 12CR-12-6149) |
| F.R., | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

# D E C I S I O N

### Rendered on March 4, 2014

*Ron O'Brien*, Prosecuting Attorney, and *Valerie Swanson*, for appellee.

*Yeura R. Venters*, Public Defender, and *Emily L. Huddleston*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

SADLER, P.J.

{¶ 1} Defendant-appellant, F.R., appeals from the judgment of the Franklin County Court of Common Pleas convicting him of four counts of gross sexual imposition in violation of R.C. 2907.05 and sentencing him to a total of nine years incarceration. For the following reasons, we affirm in part, reverse in part, and remand for resentencing.

## I. BACKGROUND

{¶ 2} Appellant was indicted on four counts of gross sexual imposition, in violation of R.C. 2907.05, and one count of sexual battery, in violation of R.C. 2907.03. Appellant, pursuant to a negotiated plea agreement, withdrew his former plea of not guilty and entered a guilty plea to two counts of gross sexual imposition, third-degree

felonies, because they involved a child less than 13 years of age, in violation of R.C. 2907.05(A)(4), and two counts of gross sexual imposition, fourth-degree felonies, in violation of R.C. 2907.05.  In exchange for the plea, plaintiff-appellee, the State of Ohio, requested the trial court enter a nolle prosequi on the remaining charge in the indictment.

{¶ 3}  The trial court held a plea hearing in which appellee informed the trial court that, as part of the plea agreement, "[t]he parties stipulate in regards to counts one and two that there is corroboration and, as such, those counts would [carry] mandatory" prison time.  (Apr. 16, 2013 Tr. 5.)  When asked if he approved of the plea, appellant's counsel responded, "Yes, Your Honor."  (Apr. 16, 2013 Tr. 5.)  The trial court proceeded with the plea hearing and accepted appellant's guilty plea to four counts of gross sexual imposition.  A presentence investigation report was ordered, and a sentencing hearing was set for May 16, 2013.

{¶ 4}  At the sentencing hearing, appellant argued that the R.C. 2907.05(C)(2)(a) "mandatory sentencing provisions based on corroborative evidence should not apply in this case * * * because * * * they are enhancing sentencing factors that should be presented to a jury."  (May 16, 2013 Tr. 3.)  Moreover, appellant argued that the mandatory sentencing provisions based on corroborative evidence lack a "rational basis" and "violate equal protection," but acknowledged that such arguments had been previously rejected in *State v. Bevly*, 10th Dist. No. 12AP-471 (Mar. 28, 2013).  (May 16, 2013 Tr. 3.)  Appellee responded that, pursuant to *Bevly*, appellant "would face mandatory prison time as to counts one and two" because "there is corroborative evidence." (May 16, 2013 Tr. 4.)

{¶ 5}  Appellee introduced state's exhibit A, "which is a phone call where [appellant] admitted to the conduct involving the allegations made by his daughters of gross sexual imposition."  (May 16, 2013 Tr. 4.)  Appellant stipulated that state's exhibit A is a "disk [that] contain[s] what [appellee] represented it contains" and that "it is a statement by [appellant] that corroborates the accusations in this case."  (May 16, 2013 Tr. 4-5.)  The trial court admitted exhibit A, acknowledged that it had received two victim impact statements, and allowed the mother of the victims to address the court.

{¶ 6}  Thereafter, the trial court sentenced appellant to a period of incarceration of 60 months on Count 1, 48 months on Count 2, and a period of 18 months on Counts 4 and

5 with "[c]ounts one, four, and five * * * run[ning] concurrently and will run consecutively with count two for a total of nine years."  (May 16, 2013 Tr. 16.)  On May 17, 2013, the trial court issued a judgment entry memorializing appellant's sentence.  The entry, in relevant part, stated "[t]he Court further finds that a prison term **is** mandatory as to Counts One and Two."  (Emphasis sic.)  (May 17, 2013 Judgment Entry, 2.)  This appeal followed.

## II. ASSIGNMENTS OF ERROR

{¶ 7}  Appellant asserts the following assignments of error for our review:

[I.] Ohio Revised Code section 2907.05(C)(2)(a) violates the accused's right to trial by jury guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Sections 5 and 10, Article I of the Ohio Constitution.

[II.] Ohio Revised Code section 2907.05(C)(2)(a) lacks rationality and therefore its enforcement violates the Due Process Provisions of the Fifth and Fourteenth Amendments to the United States Constitution and Section 16, Article I of the Ohio Constitution.

[III.] The State of Ohio failed to present the statutorily-required testimony of the victim necessary for the imposition of a mandatory prison term in violation of R.C. 2907.05(C)(2)(a).

[IV.] The trial court failed to make a finding on the record that corroborating evidence existed to enhance the penalty to a mandatory prison term pursuant to R.C. 2907.05(C)(2)(a).

[V.] The trial court erred by imposing consecutive sentences without making findings required by R.C. 2929.14(C)(4).

## III.  DISCUSSION

### A.  First, Second, and Third Assignments of Error

{¶ 8}  Appellant's first three assignments of error challenge the constitutionality and application of R.C. 2907.05(C)(2)(a).  "R.C. 2907.05(C)(2)(a) provides that a trial court shall impose a mandatory prison term on an offender convicted of gross sexual imposition against a victim less than 13 years old when '[e]vidence other than the testimony of the victim was admitted in the case corroborating the violation.' "  *State v. North*, 10th Dist. No. 13AP-110, ¶ 5 (Oct. 17, 2013).  As recognized by appellant, we have

previously addressed identical challenges to R.C. 2907.05(C)(2)(a) in *Bevly* and its progeny, *North*.

{¶ 9} In appellant's first assignment of error, he argues a jury is required to determine the existence of corroborating evidence under R.C. 2907.05(C)(2)(a). In appellant's second assignment of error, he asserts "there is simply no rational basis for the [R.C. 2907.05(C)(2)(a)] statutory classification requiring corroborating evidence to enhance the minimum sentence." (Appellant's brief, 27.)

{¶ 10} As referenced above, we previously addressed these arguments in *Bevly*. In *Bevly*, the defendant pleaded guilty to two counts of gross sexual imposition against a victim less than 13 years old. At the plea hearing, the prosecution introduced the testimony of a detective, who stated that the defendant confessed to the offenses. The prosecution also introduced a recording of the defendant's confession. The trial court declined to impose a mandatory prison sentence under R.C. 2907.05(C)(2)(a), holding that R.C. 2907.05(C)(2)(a) was unconstitutional for two reasons:

> First, the Court does not believe there is any rational basis for the distinction between cases where there is corroborating evidence from those where there is no corroborating evidence. Second, the Court finds that the distinction violates the Defendant's right to have the fact decided by a jury as guaranteed by the Sixth Amendment.

*Id.* at ¶ 5.

{¶ 11} On appeal, in reversing the decision of the trial court, we determined R.C. 2907.05(C)(2)(a) is constitutional and concluded that the existence of corroborating evidence is a "sentencing factor" that must be determined by the trial court. *Id.* at ¶ 15.

{¶ 12} In *North*, we addressed this same issue raised in appellant's first assignment of error, in light of the United States Supreme Court's decision in *Alleyne v. United States*, 133 S.Ct. 2151 (2013). The defendant argued that a "jury must determine beyond a reasonable doubt that there was corroborating evidence before the trial court may impose a mandatory prison term under R.C. 2907.05(C)(2)(a)." *North* at ¶ 8. We disagreed and. upholding our decision in *Bevly* and reversing the decision of the trial court, we "conclude[d] that the determination called for under R.C. 2907.05(C)(2)(a) does not involve the same type of 'fact' that must be determined by the jury." *North* at ¶ 10.

{¶ 13} In appellant's third assignment of error, he argues appellee was required to introduce the testimony of the victim before the trial court could impose a mandatory prison term under R.C. 2907.05(C)(2)(a). We previously addressed this issue in *North.* In *North,* the defendant entered a plea of guilty to two counts of gross sexual imposition against a victim less than 13 years old. At the plea hearing, the parties stipulated that, if called to testify, a detective would have testified that the victim stated that the defendant sexually assaulted her and that the defendant admitted to touching and fondling the victim. Further, the detective would have authenticated an audio recording of the defendant's statement to police. The victim's testimony was not presented in the case.

{¶ 14} On appeal, the defendant in *North* argued that "the introduction of the victim's testimony constitutes a predicate event before a mandatory prison sentence may be imposed under R.C. 2907.05(C)(2)(a)." *Id.* at ¶ 11. In rejecting the defendant's argument, we held "that introduction of the victim's testimony in a case is not required to trigger a mandatory prison sentence under" R.C. 2907.05(C)(2)(a). *Id.* at ¶ 15.

{¶ 15} In the present case, appellant acknowledges that *Bevly* and *North* have previously decided the issues raised in his first three assignments of error. Although appellant invites us to reconsider our prior decisions, we decline such an invitation to depart from our pronouncements in *Bevly* and *North.* Thus, based upon the authority of *Bevly* and *North,* appellant's first, second, and third assignments of error are overruled.

## B. Fourth Assignment of Error

{¶ 16} In appellant's fourth assignment of error, he argues, because the "sentencing court's Judgment Entry does not accurately reflect what occurred on the record," the sentence must be "vacated and remanded for resentencing." (Appellant's brief, 32, 33.) Specifically, appellant asserts "[a]lthough the trial court admitted [exhibit A], it never * * * made a * * * finding on the record that the evidence corroborated the victim's testimony * * * pursuant to R.C. 2907.05(C)(2)(a)." (Appellant's brief, 31.)

{¶ 17} R.C. 2907.05(C)(2)(a) provides, in relevant part: "[t]he court shall impose on an offender convicted of gross sexual imposition in violation of division (A)(4) or (B) * * * a mandatory prison term * * * if * * * [e]vidence other than the testimony of the victim was admitted in the case corroborating the violation." Appellant acknowledges that he stipulated that corroborating evidence existed in this case. "A stipulation is an

agreement between opposing parties as to an undisputed fact for which no evidence need be presented." *State v. Blocker*, 10th Dist. No. 06AP-313, 2007-Ohio-144, ¶ 52. "A stipulation, once entered into and accepted by the court, is binding upon the parties and is a fact deemed adjudicated for purposes of determining the remaining issues in a case." *Id.*

{¶ 18} Here, while being sentenced, appellant's counsel stated "I would go ahead and stipulate" that exhibit A "is a statement by [appellant] that corroborates the accusations in this case." (May 16, 2013 Tr. 4, 5.) The trial court accepted the stipulation, stating "[v]ery good. It will be admitted." (May 16, 2013 Tr. 5.) Thus, the trial court admitted exhibit A, which corroborated the accusations in this case. Once the trial court accepted the stipulation, it was "binding upon the parties and [was] a fact deemed adjudicated." *Blocker* at ¶ 52. As such, we find the record demonstrates that the trial court complied with the requirements of R.C. 2907.05(C)(2)(a).

{¶ 19} Accordingly, appellant's fourth assignment of error is overruled.

### C. Fifth Assignment of Error

{¶ 20} In appellant's fifth assignment of error, he contends the trial court erred as a matter of law by imposing consecutive sentences without making the statutory findings mandated by R.C. 2929.14(C)(4).

{¶ 21} Preliminarily, we note that appellant failed to object to the imposition of consecutive sentences at the sentencing hearing and, therefore, has forfeited all but plain error. *State v. Wilson*, 10th Dist. No. 12AP-551, 2013-Ohio-1520, ¶ 8. Under Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." For an error to be "plain" within the meaning of Crim.R. 52(B), it " 'must be an "obvious" defect in the trial proceedings.' " *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 16, quoting *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002). A reviewing court notices plain error " 'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.' " *Barnes* at 27, quoting *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus. "The burden of demonstrating plain error is on the party asserting it." *Payne* at ¶ 17.

{¶ 22} Generally, we review felony sentences to determine " 'whether clear and convincing evidence establishes that a felony sentence is contrary to law.' " *State v. Ayers*, 10th Dist. No. 13AP-371, 2014-Ohio-276, ¶ 8, quoting *State v. Allen*, 10th Dist. No. 10AP-487, 2011-Ohio-1757, ¶ 19. "A sentence is contrary to law when the trial court failed to apply the appropriate statutory guidelines." *Id.*, quoting *State v. Burton*, 10th Dist. No. 06AP-690, 2007-Ohio-1941, ¶ 19.

{¶ 23} R.C. 2929.14(C)(4) provides:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 24} Thus, "R.C. 2929.14(C)(4) now requires the trial court to make three findings before imposing consecutive sentences: (1) that consecutive sentences are necessary to protect the public from the future crime or to punish the offender; (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) that one of the subsections (a), (b), or (c) apply." *State v. Roush*, 10th Dist. No. 12AP-201, 2013-Ohio-

3162, ¶ 76.  "The trial court is not required to give reasons explaining these findings, nor is the court required to recite any 'magic' or 'talismanic' words when imposing consecutive sentences."  *Id.*  "Nevertheless, the record must reflect that the court made the findings required by the statute."  *Id.*

{¶ 25}  Here, appellee does not argue that the trial court complied with the requirements in R.C. 2929.14(C)(4), and, upon review of the record, we find the trial court failed to make any of the requisite R.C. 2929.14(C)(4) findings prior to imposing consecutive sentences.   We have consistently determined "that when the record demonstrates that the trial court failed to make the findings required by R.C. 2929.14(C)(4) before imposing consecutive sentences on multiple offenses, 'appellant's sentence is contrary to law and constitutes plain error.' "  *Ayers* at ¶ 15, quoting *Wilson* at ¶ 18; *see also State v. Bailey*, 10th Dist. No. 12AP-699, 2013-Ohio-3596, ¶ 46; *State v. Hunter*, 10th Dist. No. 13AP-196, 2013-Ohio-4013, ¶ 9; *State v. Bender*, 10th Dist. No. 12AP-934, 2013-Ohio-2777, ¶ 7; *State v. Castlin*, 10th Dist. No. 13AP-331, 2013-Ohio-4889, ¶ 9; *State v. Phipps*, 10th Dist. No. 13AP-351, 2013-Ohio-5546, ¶ 15.

{¶ 26}  Here, without making any of the requisite R.C. 2929.14(C)(4) findings, the trial court imposed a period of incarceration of 60 months on Count 1, 48 months on Count 2, and a period of 18 months on Counts 4 and 5, with "[c]ounts one, four, and five * * * run[ning] concurrently and will run consecutively with count two for a total of nine years."  (May 16, 2013 Tr. 16.)  Because the trial court did not make any of the requisite R.C. 2929.14(C)(4) findings before imposing consecutive sentences, "appellant's sentence is contrary to law and constitutes plain error."  *Wilson* at ¶ 18.  As such, we must vacate appellant's sentence and remand this case for resentencing.

{¶ 27}  Accordingly, based on the foregoing, appellant's fifth assignment of error is sustained.

## IV.  CONCLUSION

{¶ 28}  Having overruled appellant's first, second, third, and fourth assignments of error, but having sustained appellant's fifth assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas in part, but vacate appellant's sentence and remand the case for resentencing.   On remand, the trial court must determine

whether consecutive sentences are appropriate under R.C. 2929.14(C)(4) and enter the required findings on the record.

*Judgment affirmed in part and overruled in part,*
*cause remanded with instructions.*

TYACK and CONNOR, JJ., concur.

_____