[Cite as *State v. Ahlers*, 2014-Ohio-3991.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

STATE OF OHIO, :

    Plaintiff-Appellee, :

\- vs -

STEPHEN F. AHLERS, :

    Defendant-Appellant. :

CASE NO. CA2013-07-134

O P I N I O N
9/15/2014

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2013-05-0753

Michael T. Gmoser, Butler County Prosecuting Attorney, Michael A. Oster, Jr., Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

J. Gregory Howard, 110 Main Street, Hamilton, Ohio 45013, for defendant-appellant

**S. POWELL, J.**

{¶ 1}   Defendant-appellant, Stephen F. Ahlers, appeals from his conviction and the mandatory prison sentence he received in the Butler County Court of Common Pleas following his guilty plea to two counts of gross sexual imposition.  For the reasons outlined below, we affirm.

{¶ 2}   On May 15, 2013, Ahlers pled guilty to a bill of information that charged him with two counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), both third-

degree felonies. The charges stemmed from Ahlers' inappropriate sexual contact with two girls ages eleven and nine, respectively. It is undisputed Ahlers confessed to the crime when interviewed by police, thereby establishing corroborating evidence of his guilt.[1] It is also undisputed that at the time he entered his plea, the trial court informed Ahlers he would be subject to a mandatory prison sentence pursuant to R.C. 2907.05(C)(2)(a), a statute that requires the trial court to impose a mandatory prison sentence on an offender convicted of gross sexual imposition against a victim less than 13 years old when "[e]vidence other than the testimony of the victim was admitted in the case corroborating the violation." Sentencing was then scheduled for July 1, 2013.

{¶ 3} On June 4, 2013, Ahlers filed a motion with the trial court arguing R.C. 2907.05(C)(2)(a) was "unconstitutional under the current case law from the United States Supreme Court." In support of this claim, Ahlers cited to the United States Supreme Court's decision in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348 (2000), and argued "the corroboration factor" found in R.C. 2907.05(C)(2)(a) "bears no rational relationship to making the crime more serious and, therefore, is not a Constitutional sentencing factor authorizing the Court to impose a more severe sentence."

{¶ 4} On July 1, 2013, after hearing arguments regarding Ahlers' motion, the trial court denied Ahlers' motion finding R.C. 2907.05(C)(2)(a) was constitutional. The trial court then sentenced Ahlers to a mandatory aggregate five-year prison term. The trial court also classified Ahlers as a Tier II sex offender.

{¶ 5} Ahlers now appeals from his conviction and mandatory prison sentence, raising two assignments of error for review. For ease of discussion, Ahlers two assignments of error will be addressed together.

---

1. A compact disc recording of Ahlers' confession to police was later submitted to the trial court and admitted as an exhibit during his sentencing hearing.

{¶ 6} Assignment of Error No. 1:

{¶ 7} THE PROVISIONS OF R.C. 2907.05(C)(2)(A) WHICH TREATS CASES WITH CORROBORAING [sic] EVIDENCE DIFFERENTLY FROM THOSE WHERE THERE ARE NONE HAS NO RATIONAL BASIS AND THEREFORE THE STATUTE VIOLATES DUE PROCESS PROTECTIONS OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION.

{¶ 8} Assignment of Error No. 2:

{¶ 9} R.C. 2907.05(C)(2)(A) VIOLATES THE RIGHT TO TRIAL BY JURY GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION.

{¶ 10} Under his two assignments of error, Ahlers argues the trial court erred by sentencing him to a mandatory aggregate five-year prison term under R.C. 2907.05(C)(2)(a). We disagree.

{¶ 11} Generally, the crime of gross sexual imposition against a victim less than 13 years old in violation of R.C. 2907.05(A)(4) carries with it merely a presumption of prison. *See* R.C. 2907.05(C)(2). However, as previously stated, pursuant to R.C. 2907.05(C)(2)(a), a trial court is required to impose a mandatory prison sentence on an offender convicted of that offense when "[e]vidence other than the testimony of the victim was admitted in the case corroborating the violation." Thus, based on the plain language of the statute, "the General Assembly intended to require trial courts to impose a mandatory prison sentence where a conviction for gross sexual imposition against a victim less than 13 years old was based on more than a single piece of evidence." *State v. North*, 10th Dist. Franklin No. 13AP-110, 2013-Ohio-4607, ¶ 14.

{¶ 12} Initially, Ahlers argues the phrase "admitted in the case" as found in R.C.

2907.05(C)(2)(a) should be interpreted to preclude the statute's application in this matter as he was not found guilty following a trial. In other words, Ahlers argues the statute only applies where there is a trial, and since he pled guilty, there was no corroborating evidence "admitted in the case." The Tenth District Court of Appeals, however, explicitly rejected this argument in *State v. Bevly*, 10th Dist. Franklin No. 12AP-471, 2013-Ohio-1352. As the Tenth District stated:

> The trial court also held that the evidence was not admissible because it was not admitted in the case and that it was not evidence as anticipated in R.C. 2907.05(C)(2)(a). The trial court erred in both of these holdings. The case includes all parts thereof, one of which is sentencing. Rules of evidence are not applicable to miscellaneous criminal proceedings including sentencing. However, the sentence procedure is part of the case despite the fact that defendant had pled guilty to two charges. There is no conflict with Evid.R. 102, which provides that the purpose of the rules is to provide procedures for the "adjudication of causes." Criminal cases are not fully adjudicated without a sentence having been ordered. Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. Evid.R. 401. The disputed testimony meets that standard. It is evidence that is of great value in determining the crucial issue of whether the court "shall impose" a mandatory prison sentence. The fact that the rules of evidence do not apply in some situations in a trial such as in sentencing does not affect the character of the evidence but only the procedure for introducing it.

*Id.* at ¶ 18.

{¶ 13} We agree with the Tenth District's decision in *Bevly* as it relates to their interpretation of the phrase "admitted in the case" as found in R.C. 2907.05(C)(2)(a). Ahlers' argument to the contrary is therefore without merit and overruled.

{¶ 14} Next, Ahlers argues R.C. 2907.05(C)(2)(a) violates his Fifth, Sixth and Fourteenth Amendment rights under the United States Constitution, Section 16, Article I of the Ohio State Constitution, and is contrary to the United States Supreme Court's decisions in *Apprendi* and *Alleyne v. United States*, __ U.S.__ , 133 S.Ct. 2151 (2013). However, just

- 4 -

like his first argument addressed above, all of Ahlers' arguments regarding the constitutionality of R.C. 2907.05(C)(2)(a) have already been rejected by the Tenth District Court of Appeals in *Bevly*, 2013-Ohio-1352; *North*, 2013-Ohio-4607 *State v. F.R.*, 10th Dist. Franklin No. 13AP-525, 2014-Ohio-799; and *State v. D.M.J.*, 10th Dist. Franklin No. 13AP-57, 2014-Ohio-1377.

{¶ 15} As the Tenth District stated in providing a detailed and thorough analysis of these issues in *North*:

> R.C. 2907.05(C)(2)(a) provides that a trial court shall impose a mandatory prison term on an offender convicted of gross sexual imposition against a victim less than 13 years old when "[e]vidence other than the testimony of the victim was admitted in the case corroborating the violation." In this case, the trial court concluded that the statute was unconstitutional and declined to apply it, relying in part on a decision by another judge of the Franklin County Court of Common Pleas in *State v. Bevly*, Franklin County C.P. No. 11CR-4152. After the trial court's decision in the instant case, we reversed the common pleas court decision upon which the trial court relied. *State v. Bevly*, 10th Dist. No. 12AP-471, 2013-Ohio-1352. *Bevly* addressed a similar scenario and guides our consideration of this appeal, but, due to additional developments in the law since that decision and additional arguments raised by appellee, we cannot rely solely on the precedent set in *Bevly*.
>
> In *Bevly*, the defendant pled guilty to two counts of gross sexual imposition against a victim less than 13 years old. *Bevly* at ¶ 3. At the plea hearing, the prosecution introduced the testimony of a police detective, who testified that the defendant confessed to the offenses. The state also introduced a compact disc recording of the defendant's confession. *Id.* The trial court declined to impose a mandatory prison sentence under R.C. 2907.05(C)(2)(a), holding that the mandatory sentence provision did not apply. *Id.* at ¶ 5. The trial court held that there was a question as to whether the evidence was "admitted" in the case because it was introduced at the sentencing hearing. The trial court also held that the statute was unconstitutional, in part because it violated the defendant's right to have a fact determining his sentence decided by a jury. *Id.* On appeal, this court reversed the trial court's decision. We concluded that the trial court erred in holding that R.C. 2907.05(C)(2)(a) was unconstitutional because the statutory provision was a "sentencing factor" that did not increase the maximum prison

sentence and, therefore, was not required to be submitted to the jury. *Id.* at ¶ 15. This court further concluded that the trial court erred by holding that the evidence was not admitted in the case and was not evidence as anticipated under R.C. 2907.05(C)(2)(a). *Id.* at ¶ 16. Accordingly, we remanded the case to the lower court.

On June 17, 2013, less than three months after this court's decision in *Bevly*, the United States Supreme Court issued its decision in *Alleyne v. United States*, __ U.S. __, 133 S.Ct. 2151 (2013). Prior to *Alleyne*, the Supreme Court distinguished between facts resulting in an increased mandatory minimum sentence and facts resulting in a sentence greater than the statutory maximum authorized by a jury verdict. With respect to facts resulting in a sentence greater than the statutory maximum based on a jury verdict, the Supreme Court held that, other than the fact of a prior conviction, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). Thus, in *Apprendi*, the Supreme Court found unconstitutional a New Jersey statute that allowed a judge to impose additional punishment based on the judge's finding, by a preponderance of the evidence, that a defendant's purpose for unlawfully possessing a weapon was to intimidate a victim based on a particular characteristic. *Id.* at 491-97. However, prior to *Alleyne*, the Supreme Court "declined to apply [the reasoning of] *Apprendi* to facts that increased [a] mandatory minimum sentence but not [a] maximum sentence." *Alleyne* at 2157, citing *Harris v. United States*, 536 U.S. 545, 557 (2002). The Supreme Court concluded that factual findings leading to a mandatory minimum sentence merely restrained a judge's sentencing power and, therefore, were not required to be submitted to the jury. *Harris* at 567. Accordingly, in *Bevly*, we referred to R.C. 2907.05(C)(2)(a) as a "sentencing factor" and concluded that it did not violate *Apprendi* because it did not increase the maximum prison sentence that could have been imposed. *Bevly* at ¶ 15.

In *Alleyne*, the United States Supreme Court overruled *Harris* and held that facts increasing a mandatory minimum sentence must be submitted to the jury and found beyond a reasonable doubt. *Alleyne* at 2162-63. Appellee asserts that the question of whether there was corroborating evidence other than the testimony of the victim in this case is a "fact" that increases the mandatory minimum sentence for a conviction for gross sexual imposition against a victim less than 13 years old. Appellee argues that, in accordance with *Alleyne*, the jury must determine beyond a reasonable doubt that there was corroborating

evidence before the trial court may impose a mandatory prison term under R.C. 2907.05(C)(2)(a).

We acknowledge that, under *Alleyne*, a fact that increases a mandatory minimum sentence must be submitted to the jury. *Alleyne* explained that this was necessary because "the core crime and the fact triggering the mandatory minimum sentence together constitute a new, aggravated crime." *Id.* at 2161. In *Alleyne*, the relevant fact was whether the defendant brandished a firearm, which increased the minimum penalty for using or carrying a firearm in relation to a crime of violence. *Id.* at 2155. Recent cases applying *Alleyne* have involved similar factual determinations. *See United States v. Donovan*, __ Fed. Appx. __, 2013 WL 4792866, *7 (6th Cir. Sept.9, 2013) ("[B]ecause the district court, rather than a jury, found discharging of the firearm, Moore's sentence for violation of [18 U.S.C] § 924(c)(1)(A) must be vacated and remanded for resentencing consistent with the jury's verdict."); *United States v. Claybrooks*, __ F.3d __, 729 F.3d 699, 2013 WL 4757201, *8 (7th Cir. Sept.5, 2013) ("After *Alleyne*, Claybrooks's mandatory minimum sentence must be determined by the drug quantity described in the jury's special verdict form. * * * The district judge cannot raise the mandatory sentencing floor based on its own determination that Claybrooks's offense involved additional amounts of narcotics beyond those determined by the jury."). However, the majority in *Alleyne* was careful to declare that the decision "[did] not mean that any fact that influences judicial discretion must be found by a jury." *Alleyne* at 2163. *See also United States v. Gabrion*, 719 F.3d 511, 532 (6th Cir.2013) ("*Apprendi* does not apply to every 'determination' that increases a defendant's maximum sentence. Instead it applies only to findings of 'fact' that have that effect.").

We conclude that the determination called for under R.C. 2907.05(C)(2)(a) does not involve the same type of "fact" that must be determined by the jury under *Apprendi* and *Alleyne*. As noted above, the key fact in *Alleyne* was whether the defendant brandished a firearm while committing his crime. Similarly, in *Apprendi*, the relevant fact was whether the defendant committed his crime with the purpose of intimidating an individual or group because of race, color, gender, handicap, religion, sexual orientation or ethnicity. *Apprendi* at 468-69. By contrast, in this case, the "fact" to be determined is whether corroborating evidence was introduced in the case. The volume of evidence introduced in a case is not the type of "fact" that, when combined with the "core crime" of gross sexual imposition against a victim less than 13 years old, constitutes "a new, aggravated crime." *Alleyne* at 2161. The elements of the crime of gross sexual imposition remain constant, irrespective of whether corroborating evidence was introduced. To the extent that the quantity of

- 7 -

> evidence presented in a case can be characterized as a "fact," we hold that that (sic) it constitutes a fact influencing judicial discretion that may be determined by a judge and need not be submitted to the jury. *See Alleyne* at 2163 ("We have long recognized that broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment.").

*Id.* at ¶ 5-10; *see also F.R.*, 2014-Ohio-799 at ¶ 8-15; and *D.M.J.*, 2014-Ohio-1377 at ¶ 9-14.

{¶ 16} After a thorough review of the record, as well as the pertinent case law addressed herein, we agree with the well-reasoned and thorough decisions issued by the Tenth District as it relates to the constitutionality of R.C. 2907.05(C)(2)(a) as set forth in *Bevly*; *North*; *F.R.*; and *D.M.J.*[2]  In so holding, we emphasize that just like in *Bevly* and *D.M.J.*, the state in this case submitted a recording of Ahlers' confession to police, thereby corroborating the victims' allegations against him.  Moreover, by entering a guilty plea, it is well-established that Ahlers not only admitted to the acts described in the bill of information, but he also admitted guilt of the substantive crime.  A defendant who has entered a guilty plea without asserting actual innocence, such as the case here, "is presumed to understand that he has completely admitted his guilt." *State v. Robinson*, 12th Dist. Butler No. CA2013-05-085, 2013-Ohio-5672, ¶ 20, quoting *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, syllabus.

{¶ 17} Pursuant to its police powers, "the General Assembly has the authority to enact laws defining criminal conduct and to prescribe its punishment." *State v. Thompkins*, 75 Ohio St.3d 558, 560 (1996).  Based on the plain language of R.C. 2907.05(C)(2)(a), "[i]t seems obvious that the General Assembly felt that it was better to start out with a sentence that was not required to be mandatory and to make the sentence mandatory only if there is corroborative proof beyond the alleged victim's testimony that the crime was actually

---

2. We note that the Tenth District's decisions in *Bevly* and *North* are currently pending before the Ohio Supreme Court.

committed." *Bevly*, 2013-Ohio-1352 at ¶ 9. Just like the Tenth District before us, we find this does not run afoul of the United States Constitution, the Ohio State Constitution, or the United States Supreme Court's decisions in *Apprendi* or *Allenye*. Therefore, Ahlers' arguments regarding the constitutionality of R.C. 2907.05(C)(2)(a) are without merit and overruled.

{¶ 18} Accordingly, having found no merit to any of the arguments advanced by Ahlers within his two assignments of error, Ahlers' first and second assignments of error are overruled.

{¶ 19} Judgment affirmed.

RINGLAND, P.J., concurs.

PIPER, J., dissents.

**PIPER, J., dissenting.**

{¶ 20} R.C. 2907.05(C)(2)(a)'s requirement of a mandatory prison sentence triggered solely by corroborating evidence is constitutionally infirm. Unlike the majority opinion, as well as the reasons set forth by the Tenth District Court of Appeals, I would find, at the least, that the statute violates a defendant's Sixth Amendment right according to *Alleyne v. United States*, __U.S.__ , 133 S.Ct. 2151 (2013). I would also find that the statute runs afoul of equal protection because it treats defendants with the exact same culpability, convicted of the exact same crime, differently. This sentencing difference permits one the opportunity to overcome the presumption of a prison sentence while ordering the other to a mandatory sentence, without a rational basis for the disparate treatment.

{¶ 21} The Sixth Amendment of the United States Constitution provides that defendants "accused" of a "crime" have the right to a trial "by an impartial jury." "This right, in

- 9 -

conjunction with the Due Process Clause, requires that each element of a crime be proved to the jury beyond a reasonable doubt." *Alleyne*, 133 S.Ct. at 2156. "The substance and scope of this right depend upon the proper designation of the facts that are elements of the crime." *Id.*

{¶ 22} In discussing what differentiates elements of a crime from sentencing factors, the *Alleyne* Court reviewed prior case law that first set forth the proposition that "any fact that increased the prescribed statutory maximum sentence must be an 'element' of the offense to be found by the jury." *Id.* at 2157, citing *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000). The *Alleyne* Court also applied *Apprendi* when finding that "a fact is by definition an element of the offense and must be submitted to the jury if it increases the punishment above what is otherwise legally prescribed." 133 S.Ct. at 2158. The Court noted that "*Apprendi*'s definition of 'elements' necessarily includes not only facts that increase the ceiling, but also those that increase the floor. Both kinds of facts alter the prescribed range of sentences to which a defendant is exposed and do so in a manner that aggravates the punishment." *Id.*

{¶ 23} Given this law, I would find that requiring the trial court to order a mandatory sentence without first submitting the issue to a trier of fact runs afoul of the Sixth Amendment. The issue of whether there is corroborating evidence to support the defendant's conviction is an issue that must be submitted to the trier of fact before such a determination can be made because whether there is corroborating evidence is a fact that alters the range of the sentence to which a defendant is to be exposed. The determination of corroborating evidence aggravates the possible punishment. In the absence of corroborating evidence, the defendant has the ability to rebut the presumption of a prison sentence and possibly avoid a prison term altogether. If there is corroborating evidence, however, the ability to rebut the presumption of a prison sentence is nonexistent because the prison

sentence becomes mandatory.

{¶ 24} As stated by the *Alleyne* Court, *Apprendi*'s definition of element, as that term is considered within the concept of elements of a crime that must be proven by the state, necessarily includes not only facts that increase the ceiling, but also those that increase the floor of possible punishments that the defendant may face. Here, the imposition of a mandatory prison sentence increases the floor of possible punishments that the defendant may face because in one instance, the possible punishment is zero years in prison, where in the other instance, there is a mandatory prison sentence of at least one year.

{¶ 25} When asked to reconcile its holding in *Bevly* with the *Alleyne* decision, the Tenth District Court of Appeals found that "the determination called for under R.C. 2907.05(C)(2)(a) does not involve the same type of 'fact' that must be determined by the jury under *Apprendi* and *Alleyne*." *State v. North*, 10th Dist. Franklin No. 13AP-110, 2013-Ohio-4607, ¶ 10. The *North* court went on to state, "the 'fact' to be determined is whether corroborating evidence was introduced in the case. The volume of evidence introduced in a case is not the type of 'fact' that, when combined with the 'core crime' of gross sexual imposition * * * constitutes a 'new aggravated crime.'" *Id.* I disagree.

{¶ 26} It is true that the elements of gross sexual imposition do not change regardless of whether there is corroborating evidence because the elements are listed in R.C. 2907.05(A). However, I would find that whether there is corroborating evidence is exactly the type of fact that *Apprendi* and *Alleyne* anticipated as one that must be submitted to a trier of fact because in the absence of a finding of corroborating evidence, the punishment for the crime is less, and even includes the possibility of no prison time at all.[3]

---

3. Even if the trial court sentences the defendant to prison because that defendant did not successfully rebut the presumption of a prison sentence, the defendant against whom no corroborating evidence was admitted could possibly receive judicial release or some other benefits not afforded to those serving a mandatory prison term. *State v. Parsil*, 6th Dist. Lucas No. L-13-1044, 2014-Ohio-1993.

{¶ 27} My opinion is not changed by the fact that Ahlers pled guilty to his crimes, thus admitting full criminal culpability. While it is true that Ahlers has admitted to the crime as charged by the state and was informed that his sentence would be mandatory before he changed his plea, Ahlers did not plead guilty to the existence of corroborating evidence. Nor was Alhlers advised that corroborating evidence would be introduced into the case at a later hearing. The information charging the crimes against Ahlers did not "charge" corroborating evidence, as would be the case with a gun specification. In fact, the trial court never made a finding that there was corroborating evidence at sentencing or in its judgment entry of conviction. We are left with circumstances wherein the offender was not charged with corroborating evidence, no finding was made that corroborating evidence existed, and no guilty plea was made to the existence of corroborating evidence.

{¶ 28} While it may be true that there is either corroborating evidence or there is not, the Sixth Amendment's requirement that criminal defendants have their guilt determined by a trier of fact applies to situations where the existence of those facts change the punishment to which the offender is to be subjected.[4] As recognized by the *North* court, federal courts have applied *Alleyne* since its release. While the Tenth District found these federal cases distinguishable, I believe these cases to be instructive because they are similar to the case at bar. In *Alleyne*, the fact in question was specific to brandishing firearms. Either the defendant brandished a firearm or he did not. In *United States v. Donovan*, 539 Fed Appx 648 (6th Cir.2013), the fact in question was specific to discharging a firearm. Either the defendant discharged a firearm or he did not. In *United States v. Claybrooks*, 729 F.3d 699 (7th Cir.2013), the question involved the quantity of drugs possessed by the defendant. Either the defendant possessed a certain amount of drugs or he did not.

---

4. I am also compelled to point out that there is no requirement that the "corroborating evidence" be reliable or trustworthy. The issue of whether evidence is truly corroborating or not should be determined by a trier of fact.

{¶ 29} However, in each of these cases, the facts were found to be elements of the offense rather than mere sentencing factors because whether or not the defendant was subject to those facts changed the sentence and aggravated it in some way. This was true, despite the fact that it would seem straight forward for the trial court to make a determination of whether the fact in question applied or not. The same situation applies to the case sub judice. Although the trial court could seemingly make a simple determination as to whether there was some evidence other than the victim's statement in any given case, this fact should be submitted to the trier of fact pursuant to the Sixth Amendment.

{¶ 30} I would also find that the statute is unconstitutional because there is no rational basis for statutorily requiring two defendants to be treated differently who have the same culpability and were convicted of the same offense of gross sexual imposition. Once the defendant is convicted, i.e., once the trier of fact has found beyond a reasonable doubt that the defendant unlawfully had sexual contact with a child under 13 years of age, the "volume of evidence" against that defendant is meaningless as it applies to sentencing. Although the *North* court reasoned corroborating evidence is merely akin to recognizing that a higher "volume of evidence" exists in a case, I would find that such reliance on volume of evidence has no place in criminal law jurisprudence.[5]

{¶ 31} Equal protection requires that individuals be treated in a manner similar to others in like circumstances. *McCrone v. Bank One Corp.*, 107 Ohio St.3d 272, 2005-Ohio-6505, ¶ 6. Rational-basis scrutiny applies when the statute does not involve a suspect class or a fundamental right, and such statute will be held constitutional "if it bears a rational relationship to a legitimate governmental interest." *State v. Peoples*, 102 Ohio St.3d 460,

---

5. In fact, jury instructions have included admonitions warning the jury to rely upon the *quality* of evidence, rather than the *quantity*. One credible witness can overcome a plethora of other evidence, and convictions based upon one piece of evidence are convictions nonetheless so long as that one piece of evidence has established the elements of a crime beyond a reasonable doubt.

2004-Ohio-3923, ¶ 7. In applying this standard, the Ohio Supreme Court has stated that classifications "are invalid only if they bear no relation to the state's goals and no ground can be conceived to justify them." *Id.*

{¶ 32} As noted by the majority, the purpose of the statute is to require a prison sentence when the defendant has committed gross sexual imposition against a child younger than 13 when that conviction is because of "more than a single piece of evidence." I have trouble seeing how the government has a legitimate interest in sentencing a convicted sex offender to a mandatory prison term *only when* there are two pieces of evidence, rather than just one. As stated by the Ohio Supreme Court, "the overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender." *Peoples* at ¶ 8, citing R.C. 2929.11(A). If this is truly the purpose of felony sentencing, I do not believe that permitting a convicted sex offender who was found guilty of his crimes the chance to overcome the presumption of a prison sentence is rational simply because there was no duplication of evidence.[6] Again, either the trier of fact found the defendant guilty, or it did not. Either the trier of fact found the victim's testimony credible, or it did not.

{¶ 33} R.C. 2907.05(C)(2)(a) places an unlawful emphasis on the volume of evidence presented by the state against the defendant. The statute literally provides that a convicted sex offender can avoid a prison sentence, so long as the only evidence admitted against him was the victim's own testimony. On the other hand, the prison sentence is mandatory so long as the state presents any piece of evidence, other than the victim's testimony, against the

---

6. This "corroborating evidence" can simply be a duplication of evidence, i.e., the defendant pleads guilty, admits to the crime, and the state introduces evidence that he did so twice, once before the court by his guilty plea and another time when he was initially confronted with the accusations.

defendant.[7]

**{¶ 34}** Criminal sentences should be proportionate to "personal culpability of the criminal offender." *Tison v. Arizona*, 481 U.S. 137, 107 S.Ct. 1676 (1987). For this reason, Ohio sentencing courts are required to consider the purposes and principles of sentencing, as well as recidivism factors, and to sentence the defendant accordingly. R.C. 2929.11, as discussed above, provides that the two purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. R.C. 2929.11 states, "to achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." The statute, however, does not direct a court to punish based upon the volume of evidence the state offered against the offender.

**{¶ 35}** R.C. 2929.12 directs a sentencing court to consider specific factors to determine the proper sentence based upon the purposes and principles of sentencing as well as any recidivism factors. In adhering to this statute, the sentencing court is directed to consider certain factors, some of which are specific to the seriousness of the conduct, including: the victim's physical, mental, or financial injuries because of the crimes against them; whether the crime related to an offender's public office or position of trust in the community; whether the offender's relationship with the victim facilitated the offense; or whether the offender was motivated by prejudice when committing the crime.

**{¶ 36}** R.C. 2929.12(C) also directs a court to consider certain factors regarding the

---

7. As I previously noted, the statute does not require that the corroborating evidence be reviewed for its reliability. There is no rational basis for punishing a defendant by virtue of somewhat flimsy or circumstantial evidence differently from a defendant who was convicted based upon the testimony of one reliable and compelling victim. As this court has stated, "courts have consistently held that the testimony of the victim, if believed, is sufficient to support a conviction, even without further corroboration." *State v. Hernandez*, 12th Dist. Warren No. CA2010-10-098, 2011-Ohio-3765, ¶ 40.

offender, the offense, or the victim, that would normally indicate that the offender's conduct is less serious than conduct normally constituting the offense. These factors include: whether the victim induced or facilitated the offense; whether the offender was provoked; whether the offender did not cause or expect to cause physical harm; or whether there are grounds that are not enough to constitute a defense but nonetheless offer grounds to mitigate the offender's conduct.

{¶ 37} R.C. 2929.12(D) and (E) also set forth several recidivism factors, including whether: the offender was subject to community control at the time he committed the crime; the offender had previously been adjudicated a delinquent child or had a history of criminal convictions; the offender has not responded favorably to sanctions previously imposed for criminal convictions; the offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense or has refused treatment; the offender shows remorse or not.

{¶ 38} Despite codifying multiple factors that a trial court shall consider when determining a sentence, nowhere in R.C. 2929.11 or 2929.12 does the Legislature ask the trial court to consider the volume of evidence presented against the offender. The volume of evidence is not stated or inferred within the purposes and principles of sentencing, nor is it stated or inferred within the factors a trial court is to consider when sentencing a defendant. The volume of evidence is neither a mitigating nor aggravating factor to be considered by the sentencing court, and any consideration of such when sentencing is contrary to Ohio's statutory scheme. The Legislature has codified that criminal offenders should be subject to a sentence based on the purposes and principles of sentencing, as well as recidivism factors, none of which hinge upon the volume of evidence. The Ohio General Assembly has tread down a slippery slope by impermissibly codifying the concept of residual doubt though R.C. 2907.05(C)(2)(a).

{¶ 39} "Residual doubt has been described as a lingering uncertainty about facts, a

state of mind that exists somewhere between 'beyond a reasonable doubt' and 'absolute certainty.'" *State v. McGuire*, 80 Ohio St.3d 390, 402 (1997). While the term is most often used in connection with mitigation arguments offered in federal courts against imposition of the death penalty, I find the term analogous to the concept that the Ohio Legislature attempted to codify within R.C. 2907.05(C)(2)(a).

{¶ 40} I believe the Legislature was attempting to give trial courts an ability to avoid imposition of a prison sentence in cases where the trial court had lingering doubts as to whether the defendant truly had unlawful sexual contact with a child because of doubts as to the credibility of the victim's testimony. Ohio courts no longer consider residual doubt as a mitigating factor in death penalty cases because "our system requires that the prosecution prove all elements of a crime beyond a reasonable doubt. Therefore, it is illogical to find that the defendant is guilty beyond a reasonable doubt, yet then doubt the certainty of the guilty verdict by recommending mercy in case a mistake has occurred." *McGuire*, 80 Ohio St.3d at 403. I believe the same principle applies to the case at bar.

{¶ 41} There is no provision within Ohio's criminal statutes that provide for convictions only upon a certain volume of evidence, nor do I believe there should be any sentencing statutes that provide different sentences based upon the volume of evidence or the number of witnesses presented against the defendant. There is no such thing as being a "little guilty" or "sorta convicted." Yet, R.C. 2907.05(C)(2)(a) punishes two people convicted of the same crime differently without a rational basis to do so.[8]

{¶ 42} Based on either the Sixth Amendment issue, or because of equal protection problems, I would find that R.C. 2907.05(C)(2)(a) is unconstitutional. I believe that the

---

8. This is especially true where the defendant who cooperates with police by giving a statement is treated more harshly than one who does not cooperate, does not admit his guilt, or refuses to accept responsibility for his actions. Some sexual offenders immediately admit their culpability because they are remorseful and desire to mitigate the impact of their crime upon the victim. There is no rational basis for treating this offender who has remorse more harshly than an offender who has no remorse.

Legislature needs to decide whether it wants a mandatory sentence for all defendants convicted of gross sexual imposition, or whether all defendants convicted of gross sexual imposition have the same opportunity to overcome a presumptive prison sentence. At the very least, the trier of fact should make a finding regarding corroborating evidence, as whether corroborating evidence exists in a case is an element of that offense. For these reasons, I respectfully dissent from the majority opinion.