[Cite as *State v. Marcum*, 2013-Ohio-951.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HOCKING COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 11CA30 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| JAMES E. MARCUM, | : | |
| | : | **RELEASED 02/28/13** |
| Defendant-Appellant. | : | |

_____

APPEARANCES:[1]

Benjamin E. Fickel, Logan, Ohio, for appellant.
_____

Harsha, J.

{¶1}    James Marcum appeals from the trial court's November 2011 judgment entry finding that he violated conditions of his probation. His appointed counsel reviewed the record and informed us that he could discern no meritorious claims for appeal. Accordingly, under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), counsel moved to withdraw.

{¶2}    In an August 27, 2012 entry, we rejected counsel's potential assignments of error and granted his motion to withdraw. However, after independently reviewing the record as required by *Anders*, we found the trial court's decision ambiguous about the sanction imposed for the violations. We explained that when the court originally sentenced Marcum for passing bad checks, it imposed three years of community control. However, the November entry could potentially be read to alter that amount of time even though from the revocation hearing transcript it did not appear the court intended such a result. We also noted that certain topics were discussed in the

---

[1] The State has not entered an appearance or otherwise participated in this appeal.

November entry even though they were not mentioned at the revocation hearing, like post release control and court costs. Because of the lack of clarity in the November entry, we could not engage in a meaningful independent review of Marcum's sentence. We remanded the matter to the trial court for clarification and instructed the court that if it determined clerical mistakes were made in the November entry, "it should issue a judgment outlining what mistakes occurred and under Crim.R. 36 it may issue a nunc pro tunc entry to correct them."

**{¶3}** On January 8, 2013, the court issued a nunc pro tunc entry. The court clarified that Marcum's three year period of community control remained unchanged. The court omitted reference to certain issues mentioned in the November entry that were not discussed at the revocation hearing, such as post release control. However, the court left unchanged its order instructing Marcum to pay court costs and prosecution costs. Thus, we interpret this language as an order to pay the court costs and prosecution costs for the revocation proceedings.

**{¶4}** After independently reviewing the record, including the nunc pro tunc entry, we find that the trial court erred when it imposed court costs and costs of prosecution for the revocation proceedings. The court failed to orally notify Marcum at the revocation hearing that he would have to pay those costs, depriving him of an opportunity to claim indigency and seek a waiver of payment of those costs. *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, ¶ 22. We recognize that normally under *Anders* if we find that a nonfrivolous issue for appeal exists, we are to appoint new counsel for the appellant and afford new counsel the opportunity to argue on appeal. *Anders*, 386 U.S. at 744, 877 S.Ct. 1396, 18 L.E.2d 493. However, given

that the trial court clearly erred when it failed to orally notify Marcum about the imposition of court costs and costs of prosecution, we conclude that judicial economy favors an immediate remand to the trial court for the limited purpose of allowing Marcum to move the court for a waiver of the payment of those costs. *Joseph* at ¶ 22-23 (finding trial court's failure to orally notify defendant about imposition of court costs did not void sentence but entitled defendant to limited remand for purpose of allowing him to seek waiver of payment). *See generally State v. Ross*, 4th Dist. No. 10CA31, 2011-Ohio-1136, ¶ 13 (finding in *Anders* case judicial economy favored immediate remand to the trial court because of clear error in the imposition of post release control).

JUDGMENT AFFIRMED IN PART,
REVERSED IN PART,
AND CAUSE REMANDED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED IN PART, REVERSED IN PART and that the CAUSE IS REMANDED. Appellant and Appellee shall split the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

McFarland, P.J. & Hoover, J.:  Concur in Judgment and Opinion.

For the Court,

_____
William H. Harsha, Judge

## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**