[Cite as *State v. D.M.J.*, 2014-Ohio-1377.]

# IN THE COURT OF APPEALS OF Ohio

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 13AP-57 |
| v. | : | (C.P.C. No. 12CR-03-1451) |
| [D.M.J.], | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on March 31, 2014

*Ron O'Brien*, Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellee.

*Blaise Baker*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

T. BRYANT, J.

{¶1} Defendant-appellant, D.M.J., appeals from a judgment from the Franklin County Court of Common Pleas finding him guilty of five counts of gross sexual imposition, violations of R.C. 2907.05, and sentencing him to five years as to each count, four to run consecutively and two to be served concurrently, for a total of 20 years of incarceration. For the following reasons, we reverse the judgment of the trial court and remand for resentencing.

## I. BACKGROUND

{¶2} Appellant was indicted on 12 counts; two of those counts were rape, in violation of R.C. 2907.02, and ten of those counts were gross sexual imposition, in violation of R.C. 2907.05. The allegations involved appellant's three sisters, all under the age of 13. The trial court held a plea hearing where appellant entered a guilty plea,

pursuant to *N. Carolina v. Alford*, 400 U.S. 25 (1970), to the stipulated lesser included offense of Count 1, gross sexual imposition, in violation of R.C. 2907.05, and Counts 2, 4, 5, 6, and 7, gross sexual imposition, violations of R.C. 2907.05, all felonies of the third degree.[1] The trial court found appellant guilty, ordered a presentence investigation, and set the matter for a sentencing hearing.

{¶3}    At the sentencing hearing, appellant's counsel argued that the sentence the trial court would impose did not require mandatory imprisonment time because the mandatory sentencing provision violates the United States Supreme Court's holdings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004). Counsel argued that the corroborating evidence must be adduced at trial, not through a change of plea hearing, and the existence of corroborating evidence is a question of fact that must be proven beyond a reasonable doubt before a mandatory sentence can be imposed.

{¶4}    The trial court sentenced appellant to a mandatory sentence of five years of incarceration as to Counts 1, 2, 4, and 5 to be served consecutively and five years of incarceration on Counts 6 and 7 to be served concurrently with each other and the other counts, for a total of 20 years of incarceration. The trial court entered a nolle prosequi for Counts 3, 8, 9, 10, 11, and 12 of the indictment.

{¶5}    Pursuant to the guidelines set forth in *Anders v. California*, 386 U.S. 738 (1967), appellant's counsel filed an appellate brief and motion to withdraw as counsel. Counsel certified that he had mailed a copy of the brief and motion to appellant with instructions that he may file his own brief. Appellant did not do so.

## II. ASSIGNMENT OF ERROR

{¶6}    Appellant's counsel states that he thoroughly reviewed the original court file, as well as the transcript of proceedings, and concluded that the trial court did not commit any error prejudicial to appellant. However, in compliance with the requirements of *Anders*, appellant's counsel submitted a brief setting forth the following possible assignment of error:

---

[1] In *Alford*, the United States Supreme Court held that, under certain circumstances, a defendant may plead guilty to an offense and continue to deny his guilt to avoid the consequences of a criminal trial. *State v. Cooper*, 10th Dist. No. 06AP-150, 2008-Ohio-6119, ¶ 9.

> Whether the sentence imposed by the Court is mandatory under O.R.C. 2907.05.

## III. DISCUSSION

### A. Counsel's Possible Assignment of Error

{¶7} Appellant entered an *Alford* plea. There is no significant difference between an *Alford* plea and a guilty plea, other than the defendant continues to claim innocence in the *Alford* plea. *Id.* at 37-38. Therefore, an *Alford* plea is procedurally the same as a guilty plea because it limits the ability of a defendant to appeal from his sentence. *State v. Maples*, 6th Dist. No. L-93-009 (Mar. 11, 1994). When a defendant enters a guilty plea as part of a plea bargain, he "waives all appealable errors '* * * unless such errors are shown to have precluded the defendant from voluntarily entering into his or her plea pursuant to the dictates of Crim.R. 11(C).' " *State v. Witcher*, 6th Dist. No. L-92-354 (Dec. 30, 1993), quoting *State v. Kelley*, 57 Ohio St.3d 127 (1991), paragraph two of the syllabus.

{¶8} "When appointed appellate counsel files a motion to withdraw, this court must ensure that counsel has: (1) conducted a thorough review of the record on appeal before deciding that the appeal is frivolous; (2) filed a motion to withdraw explaining counsel's belief that the appeal is frivolous; (3) filed a brief raising any possible assignments of error; (4) provided a copy of the brief to appellant; and (5) provided appellant with adequate opportunity to inform this court of any additional potential assignments of error which appellant believes should be addressed on appeal." *State v. Love*, 6th Dist. No. L-96-156 (Mar. 21, 1997), citing *Anders* at 744.

{¶9} By his possible assignment of error, appellant's counsel raises the issue that the trial court erred by imposing a mandatory sentence. R.C. 2907.05(C)(2)(a) provides that a trial court shall impose a mandatory prison term on an offender convicted of gross sexual imposition against a victim less than 13 years old when "[e]vidence other than the testimony of the victim was admitted in the case corroborating the violation." This court recently addressed mandatory sentences in both *State v. North*, 10th Dist. No. 13AP-110, 2013-Ohio-4607, and *State v. F.R.*, 10th Dist. No. 13AP-525, 2014-Ohio-799. In *North*, the defendant entered an *Alford* plea to two counts of gross sexual imposition against a victim less than 13 years old.

{¶10} In *North*, the state argued that, pursuant to R.C. 2907.05(C)(2)(a), there was corroborating evidence of the violation other than the victim's testimony and that the defendant was subject to a mandatory prison sentence. This court concluded that the determination called for under R.C. 2907.05(C)(2)(a) does not involve the same type of fact that must be determined by the jury in *Apprendi* and *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151 (2013). A jury must determine the type of fact that increases a mandatory sentence. The fact regarding whether corroborating evidence was introduced is not such a fact. Thus, the provision does not require a jury determination and is not unconstitutional.

{¶11} Further, this court determined in *North*, that, in enacting R.C. 2907.05(C)(2)(a), the General Assembly intended to require trial courts to impose a mandatory prison sentence where a conviction for gross sexual imposition against a victim less than 13 years old was based on more than a single piece of evidence or more than the victim's testimony. In *North*, there was corroborating evidence in a stipulation regarding the police detective's testimony, who, if called to testify, would testify that the defendant had acknowledged touching and fondling the victim when she was ten years old and would have testified to the authenticity of an audio recording of defendant's statement to the police. Thus, this court reversed the trial court's judgment and remanded the cause for resentencing.

{¶12} In *F.R.*, this court held that *State v. Bevly*, 10th Dist. No. 12AP-471, 2013-Ohio-1352, and *North* previously determined that R.C. 2907.05(C)(2)(a) was not unconstitutional and did not require the victim's testimony in order to trigger the mandatory sentencing provision.

{¶13} In this case, corroborating evidence also exists. The prosecuting attorney provided a summary of the facts including that two of the sisters had been interviewed and disclosed that their brother had assaulted them. When the police detective interviewed appellant, he initially denied the allegations, but then admitted the allegations and reported that he had committed other similar incidents with his third sister. The police detective testified that the girls reported sexual assaults that took place over a long period of time by appellant. A recording of appellant's interview was also admitted into evidence.

{¶14} Given that there was corroborating evidence, other than the victim's testimony, including appellant's admission, the police detective testimony, and the recording, pursuant to R.C. 2907.05(C)(2)(a), the trial court was required to impose a mandatory prison sentence. Thus, appellant's counsel's possible assignment of error has no merit and is overruled.

### B. Court's Review of Record

{¶15} Pursuant to *Anders*, this court is required to review the proceedings to determine if the appeal is frivolous as appellant's counsel claims. We have reviewed the entire trial court's proceedings and have determined that there is no merit to the error alleged by appellant's counsel. However, our review of the record reveals that the trial court erred in imposing consecutive sentences without making the statutory findings required by R.C. 2929.14(C)(4).

{¶16} We note that appellant failed to object to the imposition of consecutive sentences at the sentencing hearing and has forfeited all but plain error. *State v. Wilson*, 10th Dist. No. 12AP-551, 2013-Ohio-1520, ¶ 8. Under Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." For an error to constitute "plain error" under Crim.R. 52(B), it must be an "obvious" defect in the trial proceedings. *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002). An appellate court notices plain error " 'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.' " *Id.*, quoting *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus. Plain error is not present unless, but for the error complained of, the outcome would have been different. *Id.* at paragraph two of the syllabus; *State v. Gardner*, 118 Ohio St.3d 420, 2008-Ohio-2787, ¶ 78.

{¶17} Generally, we review felony sentences to determine " 'whether clear and convincing evidence establishes that a felony sentence is contrary to law.' " *State v. Ayers*, 10th Dist. No. 13AP-371, 2014-Ohio-276, ¶ 8, quoting *State v. Allen*, 10th Dist. No. 10AP-487, 2011-Ohio-1757, ¶ 19. " 'A sentence is contrary to law when the trial court failed to apply the appropriate statutory guidelines.' " *Id.*, quoting *Allen* at ¶ 19, citing *State v. Burton*, 10th Dist. No. 06AP-690, 2007-Ohio-1941, ¶ 19.

{¶18} R.C. 2929.14(C)(4) provides:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶19} Thus, "R.C. 2929.14(C)(4) now requires the trial court to make three findings before imposing consecutive sentences: (1) that consecutive sentences are necessary to protect the public from the future crime or to punish the offender; (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) that one of the subsections (a), (b), or (c) apply." *State v. Roush*, 10th Dist. No. 12AP-201, 2013-Ohio-3162, ¶ 76. "The trial court is not required to give reasons explaining these findings, nor is the court required to recite any 'magic' or 'talismanic' words when imposing consecutive sentences." *Id.* "Nevertheless, the record must reflect that the court made the findings required by the statute." *Id.*

{¶20} In this case, the trial court did not specify the necessary findings. This court has previously found that, when the record demonstrates that the trial court failed to make the findings required by R.C. 2929.14(C) before imposing consecutive sentences

on multiple offenses, "appellant's sentence is contrary to law and constitutes plain error." *Wilson* at ¶ 18.  *See also F.R.* at ¶ 25-26; *State v. Bailey*, 10th Dist. No. 12AP-699, 2013-Ohio-3596, ¶ 46; *State v. Hunter*, 10th Dist. No. 13AP-196, 2013-Ohio-4013, ¶ 9; *State v. Bender*, 10th Dist. No. 12AP-934, 2013-Ohio-2777, ¶ 7; *State v. Castlin*, 10th Dist. No. 13AP-331, 2013-Ohio-4889, ¶ 9; *State v. Phipps*, 10th Dist. No. 13AP-351, 2013-Ohio-5546, ¶ 15.

{¶21}  Since the trial court imposed consecutive sentences without specifying the necessary findings, "appellant's sentence is contrary to law and constitutes plain error." *Wilson* at ¶ 18.  As such, we must vacate appellant's sentence and remand this cause for resentencing.

## IV.  CONCLUSION

{¶22}  Although we overruled appellant's possible assignment of error, finding it has no merit, we do not find the appeal to be frivolous.  Having found that the trial court did commit error which is prejudicial to appellant, the judgment of the Franklin County Court of Common Pleas is reversed, and this matter is remanded for resentencing. Appellant's counsel's request to withdraw as appellate counsel is granted.

{¶23}  On remand, the trial court must appoint new counsel for appellant and determine whether consecutive sentences are appropriate under R.C. 2929.14(C) and enter the required findings on the record.

*Motion to withdraw granted;*
*judgment reversed and cause remanded*
*for appointment of counsel and resentencing.*

TYACK and KLATT, JJ., concur.

T. BRYANT, J., retired, formerly of the Third Appellate District, assigned to active duty under authority of the Ohio Constitution, Article IV, Section 6(C).

_____