[Cite as *State v. Clemonts*, 2019-Ohio-1425.]

# IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 18AP-490 |
| v. | : | (C.P.C. No. 17CR-5067) |
| Eric L. Clemonts, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 18AP-492 |
| v. | : | (C.P.C. No. 18CR-238) |
| Eric L. Clemonts, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 18AP-493 |
| v. | : | (C.P.C. No. 17CR-2415) |
| Eric L. Clemonts, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 18AP-494 |
| v. | : | (C.P.C. No. 18CR-434) |
| Eric L. Clemonts, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

# D E C I S I O N

Rendered on April 16, 2019

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellee.

**On brief:** *Blaise G. Baker*, for appellant.

APPEALS from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1} Defendant-appellant, Eric L. Clemonts, appeals the judgments of the Franklin County Court of Common Pleas in four consolidated cases. For the reasons that follow, we reverse the trial court's judgment in the consolidated cases and remand the cases for resentencing.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Clemonts was indicted in four separate cases on charges related to robbery and drug possession: case Nos. 17CR-2415; 17CR-5067; 18CR-238; and 18CR-434. Those cases were consolidated in the trial court.

### A. Case No. 17CR-2415 (18AP-493):

{¶ 3} On May 1, 2017, Clemonts was indicted on eight counts for robbing a True North Shell station, a CVS store, and a Taco Bell on April 22, 2017. Those counts were as follows: two counts of aggravated robbery, in violation of R.C. 2911.01, a felony in the first degree; two counts of robbery, in violation of R.C. 2911.02, a felony in the second degree; three counts of robbery, in violation of R.C. 2911.02, a felony in the third degree; and one count of robbery, in violation of R.C. 2911.02, a felony in the second degree.

{¶ 4} On May 14, 2018, Clemonts pled guilty to Count 2 of the indictment, robbery (F2); Count 4 of the indictment, aggravated robbery (F1); and Count 8 of the indictment, robbery (F3). (May 14, 2018 Tr. at 6, 7.) The remaining counts were dismissed.

{¶ 5} On June 13, 2018, the trial court held a sentencing hearing on the consolidated cases. Regarding the 3 counts on which Clemonts pled guilty in case No. 17CR-2415, the transcript from the sentencing hearing shows that the trial court sentenced Clemonts to 4 years on Count 2 of the indictment and 6 years on Count 3 of the indictment. (June 13, 2018 Tr. at 9, 11.) The trial court did not mention Count 8 of the indictment, and did not impose a sentence on Count 8 at the sentencing hearing.

{¶ 6}   The trial court ordered that the sentences on these counts be served concurrent with each other but consecutive to the sentences in case Nos. 18CR-238 and 18CR-434.  (June 13, 2018 Tr. at 9, 11.)  The court also ordered Clemonts to pay some restitution, but deferred restitution obligations during Clemonts' incarceration.  The court imposed 5 years of post-release control.

{¶ 7}   In the June 13, 2018 judgment entry, the trial court imposed the following sentence:

> **FOUR (4) YEARS on Count Two; SIX (6) YEARS on Count Four; and TWENTY-FOUR (24) MONTHS on Count Eight to be served concurrent with each other, but consecutive to Case Nos. 17CR-5067, 18CR-238 and 18CR-434**.

(Case No. 17CR-2415, June 13, 2018 Jgmt. Entry at 2.)

### B.  Case No. 17CR-5067 (18AP-490):

{¶ 8}   On September 15, 2017, Clemonts was indicted on two drug counts: Count 1 of the indictment, illegal conveyance of drugs of abuse of a specified governmental facility, in violation of R.C. 2921.36, a felony in the third degree; and Count 2 of the indictment, possession of cocaine, in violation of R.C. 2925.11, a felony in the fifth degree.

{¶ 9}   On May 14, 2018, Clemonts pled guilty to Count 2 of the indictment, possession of cocaine (F5).  (May 14, 2018 Tr. at 8.)  Count 1 of the indictment was dismissed.

{¶ 10}  At the June 13, 2018 sentencing hearing, the trial court stated the following regarding this count: "obviously six months on the F5 cocaine charge to run concurrent with the other sentences."  (June 13, 2018 Tr. at 11.)

{¶ 11}  In the June 13, 2018 judgment entry, the trial court imposed the following sentence:

> **TWELVE (12) MONTHS on Count Two to be served concurrent with Case Nos. 17CR-2415, 18CR-238, and 18CR-434**.

(Case No. 17CR-5067, June 13, 2018 Jgmt. Entry at 1.)

### C. 18CR-238 (18AP-492):

{¶ 12} On January 17, 2018, Clemonts was indicted on four counts for robbing a CVS pharmacy and a Dunkin Donuts restaurant on January 8, 2018. Those counts were as follows: two counts of robbery, in violation of R.C. 2911.02, felonies in the second degree; and two counts of robbery, in violation of R.C. 2911.02, felonies in the third degree.

{¶ 13} Clemonts pled guilty to Count 2 of the indictment, robbery (F3); and Count 3 of the indictment, robbery (F2). (May 14, 2018 Tr. at 8-9.) The remaining counts were dismissed.

{¶ 14} At the sentencing hearing, the trial court sentenced Clemonts to 2 years on Count 2 of the indictment and 4 years on Count 3 of the indictment. (June 13, 2018 Tr. at 11.)

{¶ 15} The trial court further ordered the sentences on these counts to run concurrent to one another but consecutive to the sentences in case Nos. 17CR-2415 and 18CR-434. Clemonts was also ordered to pay some restitution.

{¶ 16} In its June 13, 2018 judgment entry, the trial court imposed the following sentence:

> **TWENTY-FOUR (24) MONTHS on Count Two; and FOUR (4) YEARS on Count Three to be served concurrent with each other but consecutive to Case Nos. 17CR-2415, 17CR-5067 and 18CR-434.**

(Case No. 18CR-238, June 13, 2018 Jgmt. Entry at 2.)

### D. 18CR-434 (18AP-494):

{¶ 17} On January 26, 2018, Clemonts was indicted on two counts for robbing a woman on January 8, 2018, including one count of robbery, in violation of R.C. 2911.02, a felony in the second degree; and one count of robbery, in violation of R.C. 2911.02, a felony in the third degree.

{¶ 18} Clemonts pled guilty to Count 1 of the indictment, robbery (F2). (May 14, 2018 Tr. at 9-10.) Count 2 of the indictment was dismissed.

{¶ 19} At the sentencing hearing, the trial court sentenced Clemonts to 4 years on Count 1 of the indictment. The trial court further ordered that the sentence be served consecutive to the sentences in 17CR-2415 and 18CR-238. (June 13, 2018 Tr. at 11-12.)

{¶ 20} In its June 13, 2018 judgment entry, the trial court imposed the following sentence:

> **FOUR (4) YEARS on Count One to be served consecutive to Case Nos. 17CR-2415, 17CR-5067 and 18CR-238.**

(Case No. 18CR-434, June 13, 2018 Jgmt. Entry at 2.)

### E. Appeal

{¶ 21} Clemonts appealed each of the trial court's separate June 13, 2018 judgment entries. The cases were consolidated. Rather than set forth any assignments of error or present any arguments, Clemonts' appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). Counsel recited the factual and procedural history of the cases and then stated:

> Counsel has reviewed the original court file, as well as the transcript of proceedings prepared in this case, and can find no error by the trial court prejudicial to the rights of Defendant-Appellant which may be argued to this Court on appeal.
>
> Pursuant to *Anders v. California*, 386 U.S. 738 (1967), Counsel respectfully requests this Court to independently review the transcript of proceedings and the case file to determine whether any possible error exists. Counsel also requests permission to withdraw as counsel for Defendant-Appellant on the basis that the appeal is frivolous.

(Appellant's brief at 7.)

{¶ 22} Appellate counsel represented that he provided a copy of his brief to Clemonts and informed Clemonts that he may file his own brief with the court.

{¶ 23} On August 20, 2018, we issued a journal entry providing Clemonts the right to file a supplemental brief by November 9, 2018. Clemonts did not file a supplemental brief.

## II. LEGAL ANALYSIS

{¶ 24} In *Anders*, the United States Supreme Court established a process by which appellate counsel in criminal actions can fulfill his or her advocacy duties even in cases in which there is no legitimate issue to appeal. The court held:

> [Counsel's] role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court -- not counsel -- then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

*Id.* at 744.

{¶ 25} This court allows appellate counsel to file an *Anders* brief if he " 'concludes that the case is wholly frivolous.' " *State v. Barber*, 10th Dist. No. 15AP-902, 2016-Ohio-1409, ¶ 6, quoting *State v. Bayer*, 10th Dist. No. 11AP-733, 2012-Ohio-5469, ¶ 9. In these instances, we have stated:

> Upon receiving an Anders brief, we must conduct a full examination of all the proceedings to decide whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L. Ed. 2d 300 (1988), citing *Anders* at 744. After fully examining the proceedings below, if we find only frivolous issues on appeal, we then may proceed to address the case on its merits without affording appellant the assistance of counsel. *Penson* at 80. However, if we conclude that there are nonfrivolous issues for appeal, we must afford appellant the assistance of counsel to address those issues. *Anders* at 744; *Penson* at 80.

*Id.*, quoting *Bayer* at ¶ 9.

{¶ 26} When a defendant does not file his own brief in response to an *Anders* brief, this court has imposed the following duty on itself:

> Where a defendant does not file a pro se brief in response to an Anders brief, an appellate court will examine the potential assignment of error and the entire record below to determine if the appeal lacks merit. *State v. Cooper*, 10th Dist. No. 09AP-

> 511, 2009-Ohio-6275. "After fully examining the proceedings below, if we find only frivolous issues on appeal, we then may proceed to address the case on its merits without affording appellant the assistance of counsel." *Matthews* at ¶ 10, citing *Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988). However, if we conclude that there are nonfrivolous issues for appeal, we must afford appellant the assistance of counsel to address those issues. *Anders* at 744; *Penson* at 80.

*State v. A.H.*, 10th Dist. No. 16AP-487, 2017-Ohio-7680, ¶ 18.

{¶ 27} Applying the *Anders* standard to the present case, this court has undertaken a review of the record to determine whether the appeal is wholly frivolous. In the course of that review, we have determined that the trial court clearly failed to sentence Clemonts on case No. 17CR-2415, Count 8 of the indictment at the May 14, 2018 sentencing hearing. We have further determined that the trial court imposed two different, inconsistent sentences on Clemonts in case No. 17CR-5067, Count 2 of the indictment. At the sentencing hearing, the trial court imposed a 6-month sentence on that count. (May 14, 2018 Tr. at 11.) In the sentencing entry, however, the trial court imposed a 12-month sentence on that count. (June 13, 2018 Jgmt. Entry at 1 in Case No. 17CR-5067.) Furthermore, in the sentencing entry on case Nos. 17CR-2415, 18CR-238, and 18CR-434, the trial court stated that the sentences on the counts in those cases should run *consecutive* to the other cases, including case No. 17CR-5067, even though the trial court stated at the sentencing hearing that the sentence on case No. 17CR-5067 would run *concurrent* to the other cases. (*See* the three June 13, 2018 Jgmt. Entries in Case Nos. 17CR-2415, 18CR-238, and 18CR-434 and compare to May 14, 2018 Tr. at 11 and June 13, 2018 Jgmt. Entry in Case No. 17CR-5067.) Because there are plain and obvious errors by the trial court, this court need not appoint counsel to brief the issue. Rather, in the interests of justice and judicial economy, the proper course is to reverse the trial court's sentence in the judgment entries in case No. 17CR-2415, Count 8 of the indictment and case No. 17CR-5067, Count 2 of the indictment and remand these cases back to the trial court for resentencing on those two counts. *State v. D.M.J.*, 10th Dist. No. 13AP-57, 2014-Ohio-1377; *State v. Marcum*, 4th Dist. No. 11CA30, 2013-Ohio-951, ¶ 4 ("given that the trial court clearly erred * * * judicial economy favors an immediate remand to the trial court"); *State v. Meyer*, 6th Dist. No. WM-03-008, 2004-Ohio-5229, ¶ 7 ("justice requires an immediate remand to the trial court for resentencing");

*State v. Shannon*, 12th Dist. No. CA2003-02-005, 2004-Ohio-1866.  After resentencing Clemonts on the remanded counts, the trial court must determine de novo whether the three counts in case No. 17CR-2415 should run concurrent or consecutive to one another and whether the sentences imposed in the four consolidated cases should run concurrent or consecutive to one another.

{¶ 28}  Further, in his appellate brief, counsel for Clemonts has moved to withdraw as appellate counsel.  That motion has not been ruled on.  We grant Mr. Baker's August 14, 2018 motion to withdraw as counsel.  The trial court is instructed to appoint new counsel for Clemonts to represent him for the purposes of resentencing and for appeal following resentencing.

*Motion to withdraw granted; judgment reversed*
*and remanded with instructions.*

BRUNNER, J., concurs.
LUPER SCHUSTER, J., dissents.

LUPER SCHUSTER, J., dissenting.

{¶ 29}  I respectfully dissent because I would appoint appellate counsel, pursuant to *Anders v. California*, 386 U.S. 738 (1967), to review not only the errors identified by the majority, but to also review the record for any other possible errors.