[Cite as *State v. Clemonts*, 2020-Ohio-685.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | No. 19AP-406 |
| | | (C.P.C. No. 18CR-434) |
| Plaintiff-Appellee, | : | No. 19AP-407 |
| | | (C.P.C. No. 18CR-238) |
| v. | : | No. 19AP-408 |
| | | (C.P.C. No. 17CR-5067) |
| Eric L. Clemonts, | : | and |
| | | No. 19AP-409 |
| Defendant-Appellant. | : | (C.P.C. No. 17CR-2415) |
| | : | (REGULAR CALENDAR) |

D E C I S I O N

Rendered on February 27, 2020

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellee.

**On brief:** *Carpenter Lipps & Leland LLP, Kort Gatterdam,* and *Erik P. Henry*, for appellant.

APPEALS from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Eric L. Clemonts, appeals from four separate judgment entries of the Franklin County Court of Common Pleas finding him guilty, pursuant to guilty pleas, of aggravated robbery, robbery, and possession of cocaine. For the following reasons, we affirm in part and reverse in part.

**I. Facts and Procedural History**

{¶ 2} From May 2017 to January 2018, plaintiff-appellee, State of Ohio, issued four separate indictments against Clemonts. The charges related to robbery and drug possession, and the trial court consolidated all four cases.

**A. The First Indictment – Case No. 17CR-2415**

{¶ 3}    By indictment filed May 1, 2017, the state charged Clemonts with two counts of aggravated robbery in violation of R.C. 2911.01, felonies of the first degree; three counts of robbery in violation of R.C. 2911.02, felonies of the second degree; and three counts of robbery in violation of R.C. 2911.02, felonies of the third degree.  The charges related to the robbery of a True North Shell gas station, a CVS store, and a Taco Bell on April 22, 2017.  After initially entering a plea of not guilty, Clemonts subsequently entered a guilty plea to Count 2 of the indictment, robbery as a second-degree felony; Count 4 of the indictment, aggravated robbery as a first-degree felony; and Count 8 of the indictment, robbery as a third-degree felony.  The trial court entered a nolle prosequi for the remaining five charges in the indictment.

{¶ 4}    On June 13, 2018, the trial court conducted a sentencing hearing on the four consolidated cases.  During the hearing, the trial court sentenced Clemonts to four years on Count 2 and six years on Count 3, ordering the sentences to be served concurrent with each other but consecutive to the sentences in Case Nos. 18CR-238 and 18CR-434.  The trial court did not mention Count 8 of the indictment during the sentencing hearing and did not impose a sentence on Count 8 at the sentencing hearing.

{¶ 5}    Following the sentencing hearing, the trial court issued a June 13, 2018 judgment entry imposing the following sentence: "FOUR (4) YEARS on Count Two; SIX (6) YEARS on Count Four; and TWENTY-FOUR (24) MONTHS on Count Eight to be served concurrent with each other, but consecutive to Case Nos. 17CR-5067, 18CR-238 and 18CR-434."  (No. 19AP-409, June 13, 2018 Jgmt. Entry at 2.)

**B. The Second Indictment – Case No. 17CR-5067**

{¶ 6}    By indictment filed September 15, 2017, the state charged Clemonts with one count of illegal conveyance of drugs of abuse to a specified government facility in violation of R.C. 2921.36, a felony of the third degree; and one count of possession of cocaine in violation of R.C. 2925.11, a felony of the fifth degree.  After initially entering a plea of not guilty, Clemonts entered a guilty plea on May 14, 2018 to Count 2 of the indictment, possession of cocaine as a fifth-degree felony.  The trial court entered a nolle prosequi of the remaining charge in the indictment.

{¶ 7}    At the June 13, 2018 consolidated sentencing hearing, the trial court stated, "obviously six months on the F5 cocaine charge to run concurrent with the other sentences." (No. 19AP-408, June 13, 2018 Tr. at 11.)  In the subsequent June 13, 2018 judgment entry, the trial court imposed a sentence of "TWELVE (12) MONTHS on Count Two to be served concurrent with Case Nos. 17CR-2415, 18CR-238, and 18CR-434." (No. 19AP-408, June 13, 2018 Jgmt. Entry at 1.)

### C. The Third Indictment – Case No. 18CR-238

{¶ 8}    By indictment filed January 17, 2018, the state charged Clemonts with two counts of robbery in violation of R.C. 2911.02, felonies of the second degree; and two counts of robbery in violation of R.C. 2911.02, felonies of the third degree.  The charges related to the robbery of a CVS pharmacy and a Dunkin Donuts on January 8, 2018.  After initially entering a plea of not guilty, Clemonts entered a guilty plea on May 14, 2018 to Count 2, robbery as a third-degree felony; and to Count 3, robbery as a second-degree felony.  The trial court entered a nolle prosequi of the remaining charges.

{¶ 9}    At the June 13, 2018 consolidated sentencing hearing, the trial court sentenced Clemonts to two years on Count 2 and four years on Count 3, and the trial court ordered the sentences to run concurrent with each other but consecutive to the sentences in Case Nos. 17CR-2415 and 18CR-434.  (No. 19AP-407, June 13, 2018 Tr. at 11.)  In the subsequent June 13, 2018 judgment entry, the trial court imposed a sentence of "TWENTY-FOUR (24) MONTHS on Count Two; and FOUR (4) YEARS on Count Three to be served concurrent with each other but consecutive to Case Nos. 17CR-2415, 17CR-5067, and 18CR-434." (No. 19AP-407, June 13, 2018 Jgmt. Entry at 2.)

### D. The Fourth Indictment – Case No. 18CR-434

{¶ 10}  By indictment filed January 26, 2018, the state charged Clemonts with one count of robbery in violation of R.C. 2911.02, a felony of the second degree; and one count of robbery in violation of R.C. 2911.02, a felony of the third degree.  The charges related to the robbery of Sheila K. Greth on or about January 8, 2018.  After initially entering a plea of not guilty, Clemonts entered a guilty plea on May 14, 2018 to Count 1, robbery as a second-degree felony.  The trial court entered a nolle prosequi on the remaining charge.

{¶ 11}  At the June 13, 2018 consolidated sentencing hearing, the trial court sentenced Clemonts to four years on Count 1 of the indictment and ordered the sentence to

run consecutive to the sentences in Case Nos. 17CR-2415 and 18CR-238. In the subsequent June 13, 2018 judgment entry, the trial court imposed a sentence of "FOUR (4) YEARS on Count One to be served consecutive to Case Nos. 17CR-2415, 17CR-5067 and 18CR-238." (No. 19AP-406, June 13, 2018 Jgmt. Entry at 2.)

### E. The First Appeal

{¶ 12} Clemonts appealed from all four judgment entries, and, in a consolidated appeal decision, this court determined that discrepancies in the judgment entries and the pronouncements made during the June 13, 2018 sentencing hearing necessitated resentencing. *State v. Clemonts*, 10th Dist. No. 18AP-490, 2019-Ohio-1425, ¶ 27. Specifically, this court held that "the proper course is to reverse the trial court's sentence in the judgment entries in Case No. 17CR-2415, Count 8 of the indictment and Case No. 17CR-5067, Count 2 of the indictment and remand these cases back to the trial court for resentencing on those two counts." *Id.* Further, this court directed that "[a]fter resentencing Clemonts on the remanded counts, the trial court must determine de novo whether the three counts in Case No. 17CR-2415 should run concurrent or consecutive to one another and whether the sentences imposed in the four consolidated cases should run concurrent or consecutive to one another." *Id.*

### F. The Remanded Sentencing

{¶ 13} Although the cases originally appeared in the trial court of the Honorable Charles Schneider, the cases on remand took place before a different judge, the Honorable Daniel R. Hawkins. The trial court conducted a resentencing hearing on May 30, 2019. During the resentencing hearing, the trial court stated:

> [A]s to 17CR-2415, as to Count 2, the robbery, felony of the second degree, it will be a sentence of four years ODRC; Count 4, the aggravated robbery, the felony of the first degree, it will be six years; Count 8, the robbery, felony of the third degree, will be a sentence of twenty-four months, two years, in prison.
>
> Those three counts will run concurrent with each other - - again, that will be a total of six years - - but consecutive to 18CR-238 and 18CR-434.
>
> * * *

> As to 17CR-5067, the fifth degree felony possession of cocaine, that will be a sentence of six months ODRC. That will run concurrent with the other case numbers.
>
> And, again, the sentence in 18CR-238 and 434 will remain unchanged.
>
> And again, those cases will run consecutive to each other. So 17CR-2415, 18CR-238, and 18CR-434 will run consecutive to each other.

(No. 19AP-406, May 30, 2019 Tr. at 17-18.)

{¶ 14} Following the resentencing hearing, the trial court issued new judgment entries for each of the four separate cases. In the May 30, 2019 judgment entry for Case No. 17CR-2415, the trial court imposed a sentence of "6 years as to Count 4; 4 years as to Count 2; 24 months as to Count 8. Counts 2, 4 and 8 to run concurrent to each other and consecutive to case numbers 18CR238 and 18CR434." (No. 19AP-409, May 30, 2019 Jgmt. Entry at 2.)

{¶ 15} In the June 11, 2019 judgment entry for Case No. 17CR-5067, the trial court imposed a sentence of "6 months as to Count 2 to be served concurrent to case numbers 17CR2415, 18CR238 and 18CR434." (No. 19AP-408, June 11, 2019 Jgmt. Entry at 2.)

{¶ 16} In the June 12, 2019 amended judgment entry for Case No. 18CR-238, the trial court noted it made no changes to the sentence as imposed in the June 13, 2018 judgment entry, reiterating that the sentence imposed for this case number is "TWENTY-FOUR (24) MONTHS on Count Two; and FOUR (4) YEARS on Count Three to be served concurrent with each other but consecutive to Case Nos. 17CR-2415, 17CR-5067 and 18CR-434." (No. 19AP-407, June 12, 2019 Am. Jgmt. Entry at 2.)

{¶ 17} Finally, in the June 12, 2019 amended judgment entry for Case No. 18CR-434, the trial court noted it made no changes to the sentence as imposed in the June 13, 2018 judgment entry, reiterating that the sentence imposed for this case number is "FOUR (4) YEARS on Count One to be served consecutive to Case Nos. 17CR-2415, 17CR-5067 and 18CR-238." (No. 19AP-406, June 12, 2019 Am. Jgmt. Entry at 2.)

{¶ 18} Clemons timely appeals from all four judgment entries issued as a result of the resentencing hearing on remand. This court consolidated the cases for appeal.

## II. Assignments of Error

{¶ 19} Clemonts assigns the following errors for our review:

[1.] The sentence imposed upon defendant-appellant through the trial court's journal entries differed from the sentence imposed at the resentencing hearing and must be reversed.

[2.] The trial court failed to conduct a de novo resentencing hearing.

[3.] Defendant-appellant's sentence is not supported by competent, credible evidence in the record in violation of his Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; Article I, Sections 10 and 16 of the Ohio Constitution and R.C. 2953.08, R.C. 2929.11 and R.C. 2929.12, and R.C. 2929.14.

## III. First Assignment of Error – Sentence Recorded in Entries

{¶ 20} In his first assignment of error, Clemonts argues the trial court erred in imposing a sentence through its entries that differed from the sentence imposed at the resentencing hearing. More specifically, Clemonts asserts the judgment entries in Case Nos. 18CR-238 and 18CR-434 do not reflect the sentences imposed during the May 30, 2019 resentencing hearing.

{¶ 21} An appellate court will not reverse a trial court's sentencing decision unless the evidence is clear and convincing that either the record does not support the sentence or that the sentence is contrary to law. *State v. Chandler*, 10th Dist. No. 04AP-895, 2005-Ohio-1961, ¶ 10, citing *State v. Maxwell*, 10th Dist. No. 02AP-1271, 2004-Ohio-5660, ¶ 27, citing *State v. Comer*, 99 Ohio St.3d 463, 2003-Ohio-4165, ¶ 10, *superseded by statute on other grounds*. *See also State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1 ("an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law"). "In determining whether a sentence is contrary to law, an appellate court must review the record to determine whether the trial court considered the appropriate statutory factors, made the required findings, gave the reasons for its findings, and properly applied the statutory guidelines." *Maxwell* at ¶ 27, citing *State v. Altalla*, 10th Dist. No. 03AP-1127, 2004-Ohio-4226, ¶ 7.

{¶ 22} Clemonts asserts the trial court erred in issuing the new judgment entries in Case Nos. 18CR-238 and 18CR-434 because those judgment entries state the sentences are to run consecutive to the sentences imposed in all three of the other cases. However, as Clemonts notes, the trial court on remand specifically noted during resentencing that the six-month sentence in Case No. 17CR-5067 was to run concurrent with the sentences in the other cases. The trial court's new judgment entry in Case No. 17CR-5067 similarly states the six-month sentence in that case is to run concurrent with the sentences in the other three cases. By erroneously stating in the judgment entries for Case Nos. 18CR-238 and 18CR-434 that those sentences run *consecutive* to Case No. 17CR-5067, the aggregate sentence for all four cases could be construed to be 14 years, 6 months rather than the 14 years orally pronounced by the trial court during the resentencing hearing.

{¶ 23} The state concedes that the judgment entries in Case Nos. 18CR-238 and 18CR-434 erroneously state that the sentences in those two cases are to run consecutive to Case No. 17CR-5067. Upon review, the mistaken language appears to be a result of the trial court's attempt to incorporate the language from the first judgment entries issued on June 13, 2018 with the new judgment entries issued on remand. The carryover language from the June 13, 2018 judgment entries did not take account for the explicit direction given at the May 30, 2019 resentencing hearing that the sentence in Case No. 17CR-5067 was to run concurrent with the sentences in the other three cases. Thus, we agree with the state's characterization of this error as a clerical error capable of correction through a nunc pro tunc entry to reflect what actually occurred at the resentencing hearing in the trial court. *See State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 30 (noting "a clerical mistake may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court"), citing *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, ¶ 15.

{¶ 24} Accordingly, we sustain Clemonts' first assignment of error and we remand the matter to the trial court for the limited purposes of issuing nunc pro tunc entries in Case Nos. 18CR-238 and 18CR-434 to correct the clerical mistakes contained therein.

**IV. Second Assignment of Error – Nature of Resentencing Hearing**

{¶ 25} In his second assignment of error, Clemonts argues the trial court erred when it failed to conduct a de novo resentencing hearing. More specifically, Clemonts

argues the trial court failed to follow the mandates of the remand order from the first appeal.

{¶ 26} " 'Generally, a trial court must follow a reviewing court's mandate.' " *State v. Dixon*, 10th Dist. No. 16AP-583, 2017-Ohio-558, ¶ 12, quoting *Dannaher v. Newbold*, 10th Dist. No. 05AP-172, 2007-Ohio-2936, ¶ 9, citing *Nolan v. Nolan*, 11 Ohio St.3d 1, 3-4 (1984). " ' "Thus, where at a rehearing following remand a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal, the court is bound to adhere to the appellate court's determination of the applicable law.  Moreover, the trial court is without authority to extend or vary the mandate given." ' "  *Dixon* at ¶ 12, quoting *Dannaher* at ¶ 9, quoting *Nolan* at 3-4.

{¶ 27}  As noted above, the specific remand order in this case was to "reverse the trial court's sentence in the judgment entries in Case No. 17CR-2415, Count 8 of the indictment and Case No. 17CR-5067, Count 2 of the indictment and remand these cases back to the trial court for resentencing on those two counts."  *Clemons* at ¶ 27.  This court further instructed that "[a]fter resentencing Clemons on the remanded counts, the trial court must determine de novo whether the three counts in Case No. 17CR-2415 should run concurrent or consecutive to one another and whether the sentences imposed in the four consolidated cases should run concurrent with or consecutive to one another."  *Id.*  Thus, pursuant to this court's decision in the first appeal, the trial court's mandate on remand was to (1) resentence Clemons on Count 8 of Case No. 17CR-2415; (2) resentence Clemons on Count 2 of Case No. 17CR-5067; (3) determine whether the three counts in Case No. 17CR-2415 should run concurrent with or consecutive to one another; and (4) determine whether the sentences imposed in the four consolidated cases should run concurrent or consecutive to one another.

{¶ 28}  Clemons asserts the trial court failed to follow the mandates of the remand order because it did not determine de novo whether the three counts in Case No. 17CR-2415 should run concurrent or consecutive and whether the sentences from the four consolidated cases should run concurrent with or consecutive to each other.  Instead, Clemons asserts the trial court improperly deferred to the previous sentence imposed by Judge Schneider. In support, Clemons relies on the following statements by the trial court during the resentencing hearing:

> Looking back through the presentence investigation and Judge Schneider's decision on the case, the case was - - although it was sent back to me for resentencing to consider, it was done so on technical grounds, and I don't - - I appreciate everything you're saying, [defense counsel].
>
> I just don't feel - - I think the 14 years total that Judge Schneider came up with is probably the right number, the appropriate sentence in this case. I'm not going to revisit or change that at this point, or at all.

(No. 19AP-406, May 30, 2019 Tr. at 17.) Clemonts urges this court to construe the above statement as an admission by the trial court that it did not determine de novo the issue of consecutive or concurrent sentences.

{¶ 29} We do not agree with Clemonts' interpretation of the trial court's statements. When read in context of the entire resentencing hearing transcript, we interpret the trial court's statement to mean that although the trial court independently reviewed all of the information, it nonetheless reached the same conclusion as Judge Schneider in imposing an aggregate sentence of 14 years. The trial court expressly stated it reviewed the presentence investigation report and the transcript of the first sentencing hearing conducted by Judge Schneider, and it noted it had considered the purposes and principles of sentencing and all the relevant sentencing factors. The trial court also afforded Clemonts and his counsel an opportunity to offer potential mitigating factors relative to the issue of consecutive sentencing. It was only after it conducted a full de novo hearing on the issue of consecutive versus concurrent sentences and independently reviewed the record that the trial court nonetheless reached the same conclusion on whether the sentences should run consecutively and what the resultant aggregate sentence would be for the consolidated cases. That the trial court reached the same result on remand as the previous judge does not compel the conclusion that the trial court disobeyed the remand order. *See, e.g., State v. Brown*, 10th Dist. No. 06AP-718, 2007-Ohio-1701, ¶ 6-8 (trial court did not err in resentencing defendant to the same sentence he received initially even where the degree of the offense was reduced in charge during the first appeal); *State v. Walker*, 10th Dist. No. 04AP-695, 2005-Ohio-466 (trial court did not err in resentencing defendant to the same sentence he received during the first sentencing hearing where it was determined in the first appeal that the trial court initially failed to comply with R.C. 2929.14(B)).

{¶ 30} Thus, because we conclude the trial court followed the remand order when it resentenced Clemonts, Clemonts' argument fails. We overrule Clemonts' second assignment of error.

## V. Third Assignment of Error – Imposition of Consecutive Sentences

{¶ 31} In his third and final assignment of error, Clemonts argues the trial court erred when it imposed a sentence not supported by competent, credible evidence in the record. In particular, Clemonts asserts the record lacked competent, credible evidence to support both the duration of the individual sentences and the imposition of consecutive sentences.

{¶ 32} At the outset, Clemonts argues the trial court did consider the sentencing statutes. However, the trial court expressly stated at the resentencing hearing that it had considered the purposes and principles of sentencing and the relevant statutory factors. Moreover, the four judgment entries in the consolidated cases state that the court considered the purposes and principles of felony sentencing in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12, and that the court weighed the factors set forth in the applicable provisions of R.C. 2929.13 and 2929.14. Such language in a sentencing entry defeats a claim that the trial court failed to consider the statutory guidelines. *State v. Ibrahim*, 10th Dist. No. 13AP-167, 2014-Ohio-666, ¶ 20, citing *State v. Peterson*, 10th Dist. No. 12AP-646, 2013-Ohio-1807, ¶ 31.

{¶ 33} Before imposing consecutive sentences, a court must make certain findings. R.C. 2929.14(C) provides as follows:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 34} Thus, pursuant to R.C. 2929.14(C)(4), in order to impose consecutive terms of imprisonment, a trial court is required to make at least three distinct findings: (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) that one of the subsections (a), (b), or (c) applies. *State v. Price*, 10th Dist. No. 13AP-1088, 2014-Ohio-4696, ¶ 31, citing *Bonnell*.

{¶ 35} A trial court seeking to impose consecutive sentences must make the findings required by R.C. 2929.14(C)(4) at the sentencing hearing and also incorporate such findings into its sentencing entry. *Bonnell* at ¶ 37. However, the trial court need not state reasons to support its findings, nor is the court "required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Id.* "[A] word-for-word recitation of the language of the statute is not required," but where "the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29.

{¶ 36} At the May 30, 2019 resentencing hearing, the trial court, after stating it had reviewed the record and the presentence investigation report from the first sentencing hearing, stated "consecutive sentences are necessary to protect the public from future crimes or to punish the offender; that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger the offender poses to the public; and that the offender's history of criminal conduct demonstrates consecutive sentences are

necessary to protect the public from future crime by the offender." (No. 19AP-406, May 30, 2019 Tr. at 18-19.)

{¶ 37} Nonetheless, Clemonts disagrees with the weight the trial court afforded the various sentencing factors before determining the appropriate sentence and attempts to diminish the seriousness of his offenses. However, " ' "the trial court, in exercising its sentencing discretion, determines the weight afforded to any particular statutory factors, mitigating grounds, or other relevant circumstances." ' " *State v. Anderson*, 10th Dist. No. 16AP-810, 2017-Ohio-7375, ¶ 14, quoting *State v. Reeves*, 10th Dist. No. 14AP-856, 2015-Ohio-3251, ¶ 10, quoting *State v. Todd*, 10th Dist. No. 06AP-1208, 2007-Ohio-4307, ¶ 23. Here, there is clear and convincing evidence in the record to support the trial court's findings, and the sentences are within the applicable statutory range. As such, Clemonts' sentences in the four consolidated cases, including the imposition of consecutive sentences for an aggregate prison term of 14 years, is in accordance with law. *Anderson* at ¶ 14 (noting a disagreement with the trial court's balancing of the sentencing factors and other relevant considerations does not make a sentence that falls within the applicable statutory range contrary to law), citing *Reeves* at ¶ 10. We overrule Clemonts' third and final assignment of error.

## VI. Disposition

{¶ 38} Based on the foregoing reasons, the trial court did not err in resentencing Clemonts pursuant to the remand order, and the duration of Clemonts' sentences and the imposition of consecutive sentences are in accordance with law. However, the trial court made a clerical error in the judgment entries in Case Nos. 18CR-238 and 18CR-434. Having overruled Clemonts' second and third assignments of error but having sustained Clemonts' first assignment of error, we affirm in part and reverse in part the judgments of the Franklin County Court of Common Pleas, and we remand the matter to that court for the limited purposes of issuing nunc pro tunc entries to correct the clerical errors in Case Nos. 18CR-238 and 18CR-434.

*Judgments affirmed in part and reversed in part;*
*cause remanded.*

BROWN and BRUNNER, JJ., concur.

_____